NOAH G. BLECHMAN (State Bar No. 197167)
noah.blechman@mcnamaralaw.com
JOHN J. SWAFFORD (State Bar No. 321174)
John.Swafford@McNamaraLaw.com
McNAMARA, AMBACHER, WHEELER,
HIRSIG & GRAY LLP
3480 Buskirk Avenue, Suite 250
Pleasant Hill, CA 94523
Telephone: (925) 939-5330
Facsimile: (925) 939-0203

Attorneys for Defendant
ALAMEDA COUNTY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DEONTAE CHARLES FAISON BY AND THROUGH THERESA FLORES AND THERESA FLORES IN HER OWN RIGHT; DEONTAE CINCERE FAISON in his own right; APOLLO FAISON in his own right,

Plaintiffs,

vs.

ALAMEDA COUNTY; EAST BAY REGIONAL PARK DISTRICT; JONATHAN KNEA in his individual and official capacity; ROBERTO FILICE in his individual and official capacity and; DOES 1-40 individually and in official capacities as police officers for the EAST BAY REGIONAL PARKS AND ALAMEDA COUNTY,

Defendants.

Case No. C24-6059 LB[1]

**DEFENDANT ALAMEDA COUNTY'S ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES**

Defendant ALAMEDA COUNTY ("Defendant") responds as follows to Plaintiffs' Complaint for violation of Title 42 U.S.C. § 1983, *Monell* claim, violation of California Statutes, violation of Common Law Torts and Damages ("Complaint"). (ECF 1). Defendant demands a jury trial in this action.

[1] Magistrate Judge Beeler will not be the trial judge as Plaintiffs did not consent to her and at the time this answer is being filed, this matter is still pending reassignment by the District Court.



McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330

**INTRODUCTION**

1. Defendant neither admits nor denies the allegations in Paragraphs 1 through 16, the "INTRODUCTION" of Plaintiffs' Complaint, because it includes contentions and legal matters not proper for admission or denial.

**JURISDICTION**

2. Defendant neither admits nor denies the allegations in Paragraph 17 of Plaintiffs' Complaint because it includes contentions and legal matters not proper for admission or denial though Defendant admits that jurisdiction and venue within this Court appears proper at this time, as alleged in Paragraph 17.

**ADMINISTRATIVE PREREQUISITES**

3. Defendant neither admits nor denies the allegations in Paragraphs 18 of Plaintiffs' Complaint entitled "ADMINISTRATIVE PREREQUISITES" because it includes contentions and legal matters not proper for admission or denial.

**PARTIES**

4. Defendant neither admits nor denies the allegations in Paragraph 19 of Plaintiffs' Compliant because it includes contentions and legal matters not proper for admission or denial.

5. Defendant neither admits nor denies the allegations in Paragraph 20 of Plaintiffs' Complaint because it includes contentions and legal matters not proper for admission or denial.

6. Defendant neither admits nor denies the allegations in Paragraph 21 of Plaintiffs' Complaint because it includes contentions and legal matters not proper for admission or denial.

7. Defendant neither admits nor denies the allegations in Paragraph 22 of Plaintiffs' Complaint because it includes contentions and legal matters not proper for admission or denial.

8. Defendant admits that ALAMEDA COUNTY is a municipal public entity existing under the laws of the State of California, and ALAMEDA COUNTY did operate the Alameda County Sheriff's Office, but not the other listed departments as alleged by Plaintiffs. Defendant neither admits nor denies the remaining allegations in Paragraph 23 of Plaintiffs' Complaint because it includes contentions and legal matters not proper for admission or denial.

9. Defendant neither admits nor denies the allegations in Paragraph 24 of Plaintiffs' Complaint because it includes contentions and legal matters not proper for admission or denial.

10. Defendant neither admits nor denies the allegations in Paragraph 25 of Plaintiffs' Complaint because it includes contentions and legal matters not proper for admission or denial.

11. Defendant neither admits nor denies the allegations in Paragraph 26 of Plaintiffs' Complaint because it includes contentions and legal matters not proper for admission or denial.

12. Defendant neither admits nor denies the allegations in Paragraph 27 if Plaintiffs' Complaint because it includes contentions and legal matters not proper for admission or denial.

## STATEMENT OF FACTS

13. In answering the allegations in Paragraphs 28 through 84, Defendant ALAMEDA COUNTY responds as follows: On April 5, 2024, Alameda County Sheriff's Deputies responded to Martin Luther King park for an agency assist. Plaintiff Deontae Faison (Faison) had apparently fled from East Bay Regional Parks Police Department (EBRPPD) officers during a traffic stop where he sought to evade officers by entering into the estuary and swimming to the west shoreline. Sheriff's Deputies assisted by establishing a perimeter position along the east and west shorelines. The Oakland Fire Department Water Rescue unit along with the Faulk ambulance company and Oakland Police Department were requested to assist. As Faison approached the west shoreline, EBRPPD officers deployed a floatation device. When Faison was approximately 15-20 feet from the shoreline, he went underwater. An EBRPPD officer entered the water and retrieved Faison bringing him to the shoreline to render emergency medical services. Emergency efforts were provided and then Faison was transported to the hospital. ALAMEDA COUNTY personnel did not use any force on or towards Faison at any time and only showed up in this area to assist, if needed.

14. Defendant denies the remaining allegations in Paragraphs 28 through 84 of Plaintiffs' Complaint.

## DAMAGES

15. In answering Plaintiffs' "DAMAGES" portion of the Complaint, including paragraphs 85 through 88, Defendant denies that Plaintiffs are entitled to any damages in this matter. In general,

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330

Defendant neither admits nor denies that allegations in Paragraphs 85 through 88 of Plaintiffs' Complaint because it includes contentions and legal matters not proper for admission or denial.

**FIRST CAUSE OF ACTION**

**(Violation of the Fourth Amendment of the United States Constitution)**

**(42 U.S.C. § 1983)**

**(DEONTAE v. KNEA, and DOES 1-40)**

16. In answering the allegations in Paragraphs 89 through 98, Defendant incorporates by reference its responses to Paragraphs 1 through 88 of Plaintiffs' Complaint.

17. Except as to matters previously admitted, Defendant denies the remaining allegations in Paragraphs 89 through 98 of Plaintiffs' Complaint.

**SECOND CAUSE OF ACTION**

**(Violation of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution)**

**(42 U.S.C. § 1983)**

**(DEONTAE v. ALL DEFENDANTS)**

18. In answering the allegations in Paragraphs 99 through 109, Defendant incorporates by reference its responses to Paragraphs 1 through 88 of Plaintiffs' Complaint.

19. Except as to matters previously admitted, Defendant denies the remaining allegations in Paragraphs 99 through 109 of Plaintiffs' Complaint.

**THIRD CAUSE OF ACTION**

**(*Monell* Claim: 42 U.S.C. § 1983)**

**(DEONTAE v. COUNTY and DISTRICT)**

20. In answering the allegations in Paragraphs 110 through 119, Defendant incorporates by reference its responses to Paragraphs 1 through 88 of Plaintiffs' Complaint.

21. Except as to matters previously admitted, Defendant denies the remaining allegations in Paragraphs 110 through 119 of Plaintiffs' Complaint.

/ / /

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330

**FOURTH CAUSE OF ACTION**

**(Bane Act Violation - CA Civ Code § 52.1)**

**(DEONTAE v. DEFENDANTS)**

22. In answering the allegations in Paragraphs 120 through 125, Defendant incorporates by reference its responses to Paragraphs 1 through 88 of Plaintiffs' Complaint.

23 Except as to matters previously admitted, Defendant denies the remaining allegations in Paragraphs 120 through 125 of Plaintiffs' Complaint.

**FIFTH CAUSE OF ACTION**

**(Battery)**

**(DEONTAE v. DEFENDANTS)**

24. In answering the allegations in Paragraphs 126 through 130, Defendant incorporates by reference its responses to Paragraphs 1 through 88 of Plaintiffs' Complaint.

25. Except as to matters previously admitted, Defendant denies the remaining allegations in Paragraphs 126 through 130 of Plaintiffs' Complaint.

**SIXTH CAUSE OF ACTION**

**(Assault)**

**(DEONTAE v. DEFENDANTS)**

26. In answering the allegations in Paragraphs 131 through 139, Defendant incorporates by reference its responses to Paragraphs 1 through 88 of Plaintiffs' Complaint.

27. Except as to matters previously admitted, Defendant denies the remaining allegations in Paragraphs 131 through 139 of Plaintiffs' Complaint.

**SEVENTH CAUSE OF ACTION**

**(Intentional Infliction of Emotional Distress)**

**(PLAINTIFFS v. DEFENDANTS)**

28. In answering the allegations in Paragraphs 140 through 143, Defendant incorporates by reference its responses to Paragraphs 1 through 88 of Plaintiffs' Complaint.

29. Except as to matters previously admitted, Defendant denies the remaining allegations in Paragraphs 140 through 143 of Plaintiffs' Complaint.

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330

**<u>EIGHTH CAUSE OF ACTION</u>**

**(Intentional Misrepresentation CA Civ Code §1710)**

**(PLAINTIFFS v. DEFENDANTS)**

30. In answering the allegations Paragraphs 144 through 148, Defendant incorporates by reference its response to Paragraphs 1 through 88 of Plaintiffs Complaint.

31. Except as to matters previously admitted, Defendant denies the remaining allegations in Paragraphs 144 through 148 of Plaintiffs' Complaint.

**<u>NINTH CAUSE OF ACTION</u>**

**(Constructive Fraud - CA Civ Code §1573)**

**(PLAINTIFFS v. DEFENDANTS)**

32. In answering the allegations in Paragraphs 149 through 154, Defendant incorporates by reference its responses to Paragraphs 1 through 88 of Plaintiffs' Complaint.

33. Except as to matters previously admitted, Defendant denies the remaining allegations in Paragraphs 149 through 154 of Plaintiffs' Complaint.

**<u>TENTH CAUSE OF ACTION</u>**

**(Negligence)**

**(PLAINTIFFS v. DEFENDANTS)**

34. In answering the allegations in Paragraphs 155 through 158, Defendant incorporates by reference its responses to Paragraphs 1 through 88 of Plaintiffs' Complaint.

35. Except as to matters previously admitted, Defendant denies the remaining allegations in Paragraphs 155 through 158 of Plaintiffs' Complaint.

**<u>ELEVENTH CAUSE OF ACTION</u>**

**(Negligent Infliction of Emotional Distress)**

**(PLAINTIFFS v. DEFENDANTS)**

36. In answering the allegations in Paragraphs 159 through 162, Defendant incorporates by reference its responses to Paragraphs 1 through 88 of Plaintiffs' Complaint.

37. Except as to matters previously admitted, Defendant denies the remaining allegations in Paragraphs 159 through 162 of Plaintiffs' Complaint.

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330

**TWELFTH CAUSE OF ACTION**

**(Negligent Misrepresentation - CA Civ Code §1710)**

**(PLAINTIFFS v. DEFENDANTS)**

38. In answering the allegations in Paragraphs 163 through 168, Defendant incorporates by reference its responses to Paragraphs 1 through 88 of Plaintiffs' Complaint.

39. Except as to matters previously admitted, Defendant denies the remaining allegations in Paragraphs 163 through 168 of Plaintiffs' Complaint.

**THIRTEENTH CAUSE OF ACTION**

**(False Imprisonment No Arrest - CA Civ No. 1400.)**

**(DEONTAE v. DEFENDANTS)**

40. In answering the allegations in Paragraphs 169 through 173, Defendant incorporates by reference its responses to Paragraphs 1 through 88 of Plaintiffs' Complaint.

41. Except as to matters previously admitted, Defendant denies the remaining allegations in Paragraphs 169 through 173 of Plaintiffs' Complaint.

**FOURTEENTH CAUSE OF ACTION**

**(Negligent Hiring, Retention, Training, Supervision and Discipline)**

**(PLAINTIFFS v. COUNTY, DISTRICT, and FILICE)**

42. In answering the allegations in Paragraphs 174 through 179, Defendant incorporates by reference its responses to Paragraphs 1 through 88 of Plaintiffs' Complaint.

43. Except as to matters previously admitted, Defendant denies the remaining allegations in Paragraphs 174 through 179 of Plaintiffs' Complaint.

**FIFTEENTH CAUSE OF ACTION**

**(Supervisor Liability- 42 U.S.C. § 1983)**

**(DEONTAE v. FILICE)**

44. In answering the allegations in Paragraphs 180 through 188, Defendant incorporates by reference its response to Paragraphs 1 through 88 of Plaintiffs' Complaint.

45. Except as to matters previously admitted, Defendant denies the remaining allegations in Paragraphs 180 through 188 of Plaintiffs' Complaint.

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330

## JURY DEMAND

46. Plaintiffs have demanded a jury trial in Paragraph 189. Defendant also demands a jury trial.

## PRAYER FOR RELIEF

47. Defendant neither admits nor denies the allegations in the "PRAYER FOR RELIEF" portion of Plaintiffs' Complaint, which includes seven subparts, as they include contentions and legal matters not proper for admission or denial.

## AFFIRMATEIVE DEFENSES

1. AS FOR A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiffs' Complaint fails to state cognizable legal theories and/or facts sufficient to constitute cognizable legal theories against Defendant.

2. AS FOR A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiffs failed to state facts sufficient to support a prayer for punitive damages and/or exemplary damages against any Defendant.

3. AS FOR A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff Deonte Faison had full knowledge of all the risks, dangers, and hazards, if any there were, and nevertheless voluntarily and with full appreciation of the amount of danger involved in his actions and the magnitude of the risk involved, assumed the risk of injuries and damages to themselves.

4. AS FOR A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that at all times and places mentioned in Plaintiffs' Complaint, Plaintiffs failed to mitigate the amount of their damages, if any. The damages claimed by Plaintiffs could have been mitigated by due diligence on their part or by one acting under similar circumstances. Plaintiffs failure to mitigate is a bar or limit to their recovery under the Complaint.

5. AS FOR A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that the sole proximate cause of the injuries and damages, if any, allegedly suffered by Plaintiffs was the negligence and fault of the Plaintiff Deontae Faison and/or others, or on the part of any person or entity for whose acts or omissions Defendant is not legally or otherwise responsible, or, in the

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330

alternative, that the negligence and fault of the Plaintiff Deontae Faison and/or others in and about the matters alleged in the Complaint herein proximately contributed to the happening of the incident and to the injuries, loss and damages complained of, if any there were, and said negligence on the part of Plaintiff Deontae Faison or others requires that any damages awarded to Plaintiffs shall be diminished in proportion to the amount of fault attached to the Plaintiff Deontae Faison and/or others.

6. AS FOR A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiffs by virtue of their own conduct and omissions, have enhanced and materially contributed to the damages, if any there may be, allegedly sustained by Plaintiffs as a result of the acts or omissions complained of herein.

7. AS FOR A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that at all times herein mentioned, the acts complained of, if any there were, were privileged under applicable federal and state statutes and/or case law.

8. AS FOR AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that at all times herein mentioned, Defendant is immune from liability herein pursuant to the provisions of California Government Code Sections 810 through 996.6.

9. AS FOR A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that at all times herein mentioned, all actions taken by the Defendant (and/or any other deputies named herein at any time) was/were reasonable under the circumstances and taken under a good faith belief that the actions were not unlawful and the Defendant is therefore immune under the “good faith immunity” and/or qualified immunity doctrine.

10. AS FOR A TENTH SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Defendant shall only be responsible for damages, if any, in an amount determined pursuant to and in accordance with Proposition 51 (Civil Code § 1431.2).

11. AS FOR AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that the alleged acts or omissions of the Defendant (and/or any other deputies named herein at any time), were based upon the deputies’ reasonable cause to believe that they had reasonable suspicion to detain and/or probable cause to arrest Plaintiff Deontae Faison, and even though they

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330

did not use any force against Plaintiff Deontae Faison, under the law, the deputies' are able to use reasonable force to effect a detention and/or arrest to prevent the escape and/or overcome the resistance of the Plaintiff Deontae Faison, and for the safety of the lives of themselves and others; so Defendant and/or Defendant deputies' could be immune by virtue of the provisions of Section 836.5(a) and 836.5(b) of the Penal Code.

12. AS FOR A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Defendant and/or their deputies, did not fail to intervene, in relation to the incident involving Plaintiff Deontae Faison escape and saw no need to intervene in the attempted detention by EBRPPD officers.

13. AS FOR A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that to the extent Plaintiffs alleges or asserts matters not contained in a legally sufficient claim filed by them, this action is barred by the claims requirement set forth in California Government Code § 905 et seq.

14. AS FOR A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that the matters complained of by Plaintiffs, if committed by the Defendant, was consented to by Plaintiffs.

15. AS FOR A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that at or about the time of the alleged event, the Defendant and/or its deputies was/were presented with and had in their possession sufficient facts to constitute reasonable suspicion for a detention and/or probable cause for the arrest of Plaintiff Deontae Faison and/or were reasonably able to rely upon information from the EBRPD police officer(s) as to the basis for their attempted detention/arrest prior to any involvement of deputies from the Defendant.

16. AS FOR A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiffs had failed to state a cause of action in that each of the causes of action as alleged herein is barred by provisions of Sections 312 through 362 of the California Code of Civil Procedure.

17. AS FOR A SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiffs and/or some of the Plaintiffs have no standing to bring this civil action and/or

some of the claims alleged in this action[2]

18. AS FOR AN EIGHTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that there is no statutory or other basis for the attorney's fees sought by Plaintiffs.

19. AS FOR A NINETEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that the deputies were acting in good faith in respect to the acts and/or omissions alleged in the Complaint.

20. AS FOR A TWENTIETH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that they reasonably relied upon dispatch reporting and records, public records and/or information of the State of California, other law enforcement related databases and other sources of information, in taking the action against Plaintiff, making their conduct reasonable and lawful under the circumstances.

21. AS FOR A TWENTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, the answering Defendant alleges that it is immune from liability herein pursuant to the absolute privilege of Civil Code § 47(b).

22. AS FOR A TWENTY-SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Defendant and/or its employees are immune from liability by virtue of the provisions of Section 815 of the California Government Code.

23. AS FOR A TWENTY-THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Defendant and/or its employees are immune from liability by virtue of the provisions of Section 820.4 of the California Government Code.

24. AS FOR A TWENTY-FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Defendant and/or its employees are immune from liability by virtue of the provision of Section 820.6 of the California Government Code.

25. AS FOR A TWENTY-FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that because Plaintiffs' Complaint is couched in conclusory terms, Defendant cannot fully anticipate all affirmative defenses that may be applicable to this matter. Accordingly, the right to

---

[2] Plaintiffs may need to show sufficient paternity and other proof that Plaintiffs Deontae Cincere Faison and Apollo Faison are the biological sons of Plaintiff Deontae Faison to prove standing since that may be challenged herein by Defendant(s).

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330

assert separate affirmative defenses, if and to the extent such affirmative defenses are applicable, is here reserved.

**PRAYER FOR RELIEF**

WHERFORE, Defendant prays for the following relief:

1. The Plaintiffs take nothing by way of their Complaint herein,
2. For costs of suit,
3. For attorney's fees,
4. For such further relief as this Court may deem just and proper.

The undersigned attests that permission in the filing of this document has been obtained from the signatory below which shall serve in lieu of the actual signatures on the document.

Dated: October 7, 2024

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP

By: /s/ Noah G. Blechman
Noah G. Blechman
John J. Swafford
Attorneys for Defendant
ALAMEDA COUNTY

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330