JAMIR DAVIS, ESQ. SBN 98041 PRO HAC VICE APPLICATION PENDING
J. DAVIS LAW FIRM, PLLC
P.O. BOX 122123
COVINGTON, KY 41011
TELE: 859-750-5033
JDAVIS@JDAVISCOUNSEL.COM

VALERY NECHAY, SBN 314752
ATTORNEY AT LAW
LAW CHAMBERS BUILDING
345 FRANKLIN ST.
SAN FRANCISCO, CA 94102
TELE: 415-652-8569
VALERY@NECHAYLAW.COM

ADANTÉ D. POINTER, ESQ., SBN 236229
PATRICK M. BUELNA, ESQ., SBN 317043
MARLON MONROE, ESQ., SBN 251897
MATHEW NORMAN, ESQ. SBN 351413
POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert St., Suite 208
Oakland, CA 94607
Tel: 510-929-5400
Website: www.LawyersFTP.com
Email: APointer@LawyersFTP.com
Email: PBuelna@LawyersFTP.com
Email: TClarke@LawyersFTP.com

ATTORNEYS FOR PLAINTIFF
DEONTAE CHARLES FAISON BY AND
THROUGH HIS GUARDIAN AD LITEM
THERESA FLORES

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

DEONTAE CHARLES FAISON BY AND THROUGH HIS GUARDIAN AD LITEM THERESA FLORES

Plaintiff,

v.

ALAMEDA COUNTY; EAST BAY REGIONAL PARK DISTRICT; JONATHAN KNEA in his indiv capacity and; DOES 1-40 individually and in official capacities as police officers for the EAST BAY REGIONAL PARKS AND Sheriff Deputies for ALAMEDA COUNTY.

Defendants.

Case No: 3:24-cv-06059-JSC

FIRST AMENDED COMPLAINT FOR DAMAGES

JURY TRIAL DEMANDED

## INTRODUCTION

1. Police officers are trained on the use of weapons and are expected to have an intimate understanding of the potential physical and mental effects of any weapon they use.
2. Officers are trained that tasers have a direct impact on a person's physical and cognitive functions in that tasers can incapacitate individuals, drastically affecting their ability to comply with an officer's orders and control their body.
3. It is common knowledge that electricity and water are a dangerous combination. Indeed, Officers are trained they should avoid using a taser when a person's position creates an increased risk of injury or when a person is located in water, mud or marsh. It naturally follows that ***any officer who intentionally uses a taser on a person who is near and/or standing in water must be considered to be showing deliberate indifference for human life,***

***given the potentially lethal consequences of such an action.***

4. On April 5, 2024, East Bay Regional Parks Police Department officers tased Deontae Faison in the back multiple times while he was in water. Deontae was unarmed and posed no threat to the East Bay Regional Parks officers or any members of the public. Yet officers tased Deontae anyway, and then watched him scream for help while fighting for his life in the water.
5. East Bay Regional Parks refused to jump in, render any aid, or provide any other type of life saving measure. Instead, Alameda County Sheriff Deputies and East Bay Regional Police Officers stood on the bank of the estuary for 40 minutes and watched Deontae struggle and scream for help until he eventually fell unconscious.
6. East Bay Regional Police officers knew Deontae was injured by their taser and that he "was not going to make it," but did not call for medical help until his lifeless body floated to the opposite bank of the estuary.
7. Approximately an hour after initially being tased Deontae was finally taken to the hospital. At some point between traveling from the scene to the hospital, he was resuscitated by medical personnel.
8. When Deontae arrived at the hospital officers failed to communicate to hospital personnel that Deontae had been tased multiple times in an attempt to conceal the true nature of what happened to him and promote the false narrative that Deontae had simply drowned.
9. As a result, Deontae was never properly treated and to date he tragically remains in a coma.

## JURISDICTION

10. This action arises under Title 42 of the United States Code, Section 1983. Title 28 of the United States Code, Sections 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in Alameda County, California, which is within this

judicial district. Title 28 of the United States Code Section 1391(b) confers venue upon this Court.

**ADMINISTRATIVE PREREQUISITES**

11. DEONTAE CHARLES FAISON was required to comply with an administrative tort claim requirement under California law. DEONTAE CHARLES FAISON served tort claims with COUNTY and DISTRICT pursuant to California Government Code Section 910. DEONTAE CHARLES FAISON filed his claim with the Alameda County and East Bay Regional Park District on April 24, 2024, by sending a claim form and letter to the Clerk's office titled Attention: Claims Division. Shortly thereafter, he received correspondence from Alameda County confirming his claims were denied. East Bay Regional Park District confirmed receipt of the tort claim via an email. East Bay Regional Park District denied his claim on July 31, 2024.

**PARTIES**

12. Plaintiff DEONTAE CHARLES FAISON (hereinafter referred to as "DEONTAE" or "PLAINTIFF") by and through his Guardian ad Litem, THERESA FLORES, is and at all times herein mentioned a citizen of the United States and a resident of the San Francisco Bay Area and a father of two son's.



*DEONTAE FAISON*

13. Defendant ALAMEDA COUNTY (hereinafter referred to as “COUNTY” or “DEFENDANTS” collectively) is and at all times mentioned herein a municipal corporation, duly authorized to operate under the laws of the State of California. Under its supervision, COUNTY operates the Alameda County Sheriff’s Department. The Alameda County Sheriff’s Department employs sheriff deputies and is responsible for the actions of its employees. DEONTAE believes that COUNTY is legally responsible and liable for the incident, injuries, and damages herein set forth. COUNTY proximately caused injuries and damages because of the intentional and/or negligent actions of one or more of its employees, because it breached its duty to DEONTAE to provide safety and security for the public, and because it violated public policy when its employees used excessive force against DEONTAE. COUNTY is liable for the actions of its employees through vicarious or imputed liability and *Respondeat Superior*.

14. Defendant EAST BAY REGIONAL PARK DISTRICT (hereinafter referred to as “DISTRICT” or “DEFENDANTS” collectively) is and at all times mentioned herein a municipal corporation, duly authorized to operate under the laws of the State of California.

Under its supervision, DISTRICT operates the East Bay Regional Parks Police Department. The East Bay Regional Parks Police Department employs police officers and is responsible for the actions of its employees. DEONTAE believes that DISTRICT is legally responsible and liable for the incident, injuries, and damages herein set forth. DISTRICT proximately caused injuries and damages because of the intentional and/or negligent actions of one or more of its employees, breached its duty to DEONTAE to provide safety and security for the public, and violated public policy when its employees used excessive force against DEONTAE. DISTRICT is liable for the actions of its employees through vicarious or imputed liability and *Respondeat Superior*.

15. Defendant JONATHAN KNEA (hereinafter referred to as "KNEA") is and at all times mentioned herein is an adult and a citizen of the United States and a resident of California. KNEA was employed as a full-time employee of DISTRICT as a police officer. KNEA deployed his taser into DEONTAE's back multiple times while in water and failed to render appropriate aid. At all relevant times KNEA was under an oath as a law enforcement officer to serve the community; to safeguard lives and property; to protect the innocent against deception, the weak against oppression or intimidation and the peaceful against violence or disorder; and to respect the constitutional rights of all to liberty, equality and justice.

16. PLAINTIFFS are ignorant of the true names and capacities of the Defendants sued herein as DOES 1 through 40 inclusive, and therefore PLAINTIFFS sue those Defendants by such fictitious names. PLAINTIFFS will amend this complaint to allege their names and capacities when ascertained. PLAINTIFFS are informed and believe, and thereupon allege that each of the fictitiously named Defendants are responsible in some manner for the occurrences alleged herein.

## STATEMENT OF FACTS

17. COUNTY and DISTRICT police officers have a pattern and practice of discriminating against African Americans.

18. DEONTAE is recognizable as African American.

19. On or about April 5, 2024, DEONTAE and his friend set out to enjoy a day at Martin Luther King Jr. Regional Shoreline Park.

20. DEONTAE and his friend start the day by grabbing food at a local Wendy's, parking their car, and enjoying the warm weather at the park without incident.

21. DEONTAE and his friend, while enjoying their afternoon, were approached by East Bay Regional Parks Police Officer KNEA, who activated his lights and instructed them to sit on the car's bumper.

22. Never seeing DEONTAE operate the vehicle, KNEA immediately alleged that the tags on the vehicle they were next to were expired and claimed that the vehicle belonged to DEONTAE.

23. DEONTAE denied that he was driver of the vehicle and knowing he had not committed a crime provided KNEA with his alias.

24. KNEA then ran DEONTAE's alias through the DISTRICT system and called for backup.

25. After not being able to find the alias in the system KNEA then threatened to request a fingerprint tech sent to the scene to fingerprint DEONTAE.

26. KNEA treated DEONTAE's friend, who happened to be white, much differently.

27. For example, KNEA never asked DEONTAE's friend if she was the driver of the vehicle, he initially refrained from running her name through the DISTRICT system, nor did KNEA threaten to bring a fingerprint tech to the scene when he could not locate her name in the DISTRIC system.

28. DEONTAE, not understanding why he was being harassed in the park and held for nearly 20 minutes, became nervous and upset.

29. When additional DISTRICT officers arrived, DEONTAE became more panicked and left the area where he was being questioned.

30. DEONTAE was unarmed and as he ran to avoid DISTRICT officers, KNEA immediately drew a gun on DEONTAE.




*Police body-worn camera footage depicting KNEA pointing a gun toward DEONTAE.*

31. DEONTAE, scared for his life, was able to run towards a set of rocks on the bank of the nearby estuary.

32. Without any announcement and failing to establish any communication with DEONTAE, KNEA deployed a taser into DEONTAE's back on the bank of the estuary right as DEONTAE was approaching the water.




*Body-worn camera footage depicting DISTRICT Officer and KNEA Tasing DEONTAE.*

33. DEONTAE immediately collapsed but was able to get back up and walked into the estuary water.

34. As DEONTAE was knee-deep in the water, KNEA again reapplied electric force through the taser into DEONTAE's back, causing DEONTATE to collapse.




*Body-worn camera footage depicting Officer KNEA Tasing DEONTAE.*

35. The taser string from the DISTRICT officer and KNEA's taser remained attached to DEONTAE'S back while he was in water.

36. KNEA administered multiple applications of electric force from the taser against DEONTAE while DEONTAE was in water.



*BWC footage depicting a taser string attached to DEONTAE as he struggles in the water.*

37. The use of force by taser while in a body of water is strictly prohibited by DISTRICT General Orders and the taser manufacturer warns against such use due to the danger it obviously poses.
38. The use of force by taser without announcement is strictly prohibited by DISTRICT General Orders.
39. KNEA did not use his taser in accordance with California POST Standards and attempted to strike DEONTAE with the taser in his head and neck region.
40. KNEA tased DEONTAE in a manner that violated California POST standards in an attempt to unlawfully subdue DEONTAE.
41. The reapplication of electricity by KNEA incapacitated DEONTAE and caused him to fall face-first into the estuary.
42. DEONTAE, unable to control his body due to being tased multiple times, immediately began to take on water.
43. DISTRICT Police Officers and KNEA knew that their use of the taser caused DEONTAE to be in peril and verbally stated "he is not going to make it."
44. DISTRICT Police Officers and KNEA purposefully left DEONTAE helpless in the water, failed to go in to rescue him, failed to render aid in accordance with general policies and failed to call emergency services knowing the dangers posed by DEONTAE being in the water in such a shocked state.
45. Furthermore, DISTRICT Officers and KNEA knew DEONTAE had been tased but never communicated it to anyone else on the scene.
46. At some point after the reapplication of the taser, DEONTAE regained consciousness, but was

entirely disoriented.

47. COUNTY Officials, DISTRICT Police Officers, and KNEA watched DEONTAE yell for help and struggle in the frigid 50°F water for approximately 40 minutes without rendering any aid.

48. COUNTY Officials, DISTRICT Police Officers, and KNEA failed to implement training strategies necessary to get DEONTAE to safety.

49. After approximately 40 minutes without aid, DEONTAE drowned, went under the water, and floated 10 to 15 feet from the opposite shoreline of the estuary.

50. It was not until then that COUNTY and DISTRICT Officers would pull DEONTAE from the water.

51. While watching DEONTAE struggle and take on water for approximately 40 minutes COUNTY, DISTRICT Officers, and KNEA **NEVER CALLED FOR EMT or PARAMEDIC SERVICES and as a result they were not present when DEONTAE was pulled from the frigid water of the estuary.**

52. **It was not until after DEONTAE was in police custody and lay unresponsive on the shore of the estuary that medical personnel were called.**

53. Moreover, COUNTY officers and KNEA never communicated to medical personnel or anyone else that DEONTAE had been tased.

54. DEONTAE laid unresponsive, cold, and wet on the shore for approximately 15 minutes in police custody and **NOT A SINGLE COUNTY or DISTRICT officer administered CPR**.




*Camera footage shows DEONTAE lying unconscious after being pulled from the water.*

55. Paramedics arrived approximately 17 minutes after DEONTAE had been pulled from the water and COUNTY, DISTRICT officers, and KNEA again deliberately failed to tell paramedics that DEONTAE had been tased.

56. **As a result of COUNTY, DISTRICT, and KNEA's failure to communicate DEONTAE's injuries, DEONTAE did not receive the necessary medical treatment required for his recovery.**

57. DEONTAE has been in a coma and on life support ever since.



*DEONTAE lying in a coma.*

58. **It was not until DEONTAE was transferred to Highland Hospital in Oakland and was examined on or about April 6, 2024, that the taser marks were identified.**




*Medical image showing taser wounds in DEONTAE'S back.*

59. COUNTY and DISTRICT failed to properly investigate this incident in an attempt to

purposefully conceal the facts of the attack on DEONTAE.

60. DISTRICT Police Officers instructed other DISTRICT officers to turn their body-worn camera sound off.

61. COUNTY and DISTRICT allowed officers to dispose of evidence including DEONTAE's clothing and the taser strings attached to DEONTAE's clothing, which proved that DEONTAE was in fact the victim of excessive force.




*Police body-worn camera footage depicting the taser string attached to DEONTAE'S clothing.*

62. COUNTY and DISTRICT purposefully allowed officers on the scene to conceal facts by failing to take witness statements from DEONTAE's friend who witnessed the entire incident.

63. While on the scene, COUNTY and DISTRICT officials did not follow investigatory protocol.

64. COUNTY and DISTRICT do not treat white citizens in the same manner they treat black citizens.

65. DEONTAE's friend, a white female, fled from police officers in the same incident and was not tased.

66. DEONTAE's friend, a white female, also was not criminally charged for her actions and was only given a citation and allowed to walk away without being formally arrested.

67. **COUNTY, DISTRICT KNEA and DOES 1-40 then drafted fraudulent police reports claiming that they perceived DEONTAE to be armed with a gun during their pursuit of him.**

68. COUNTY, DISTRICT, KNEA and DOES 1-40 do not draft fraudulent reports against its white citizens in the manner that it did against DEONTAE.

69. COUNTY, DISTRICT, and KNEA'S treatment of DEONTAE and his family was discriminatory in nature.

70. COUNTY and DISTRICT have failed to discipline any of the officers involved, although COUNTY and DISTRICT have a policy of suspending officers during investigations of this nature.

71. COUNTY, DISTRICT, and KNEA and DOES 1-40 had a duty to communicate the actual injuries sustained by DEONTAE to THERESSA, CINCERE, and APOLLO in a timely fashion.

72. To date COUNTY, DISTRICT, and KNEA and DOES 1-40 have intentionally concealed facts to cover up their wrongdoing.

## DAMAGES

73. DEONTAE was physically, mentally, and emotionally injured as a direct and proximate result of the brutal attack on his person, including but not limited to physical injuries to his arm, legs, torso; and emotional damage resulting in a fear of government officials and post-traumatic stress related illnesses as a consequence of DEFENDANTS' violations of his federal civil

rights under 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments.

74. DEONTAE is entitled to recover damages pursuant to the pain and suffering he endured as a result of his civil rights being violated and the tortious acts by DEFENDANTS, inclusive.

75. DEONTAE found it necessary to engage the services of private counsel to vindicate his rights under the law. DEONTAE is therefore entitled to an award of attorney's fees and/or costs pursuant to statute(s) in the event that they are the prevailing party in this action under 42 U.S.C. §§§§ 1983, 1985-86 and 1988.

## FIRST CAUSE OF ACTION

**(Violation of the Fourth Amendment of the United States Constitution)**
**(42 U.S.C. § 1983)**
*Against Defendant Knea and Does 1-40*

76. DEONTAE realleges and incorporates by reference EACH and EVERY PARAGRAPH of this Complaint as fully reproduced herein.

77. At all relevant times, **KNEA, and DOES 1-40** acted under the color of the law by performing official duties under the laws of California.

78. The above-described acts and failure to act by **KNEA, and DOES 1-40** deprived DEONTAE of the right, as provided for under the Fourth and Fourteenth Amendment of the United States Constitution, to be free from excessive and/or arbitrary and/or unreasonable force against him.

79. **KNEA and DOES 1-40** viciously tased **DEONTAE** in the back multiple times while in a body of water without lawful justification. They further subjected **DEONTAE** to excessive force, thereby depriving **DEONTAE** of certain constitutionally protected rights, including, but not limited to:

    a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment of the United States Constitution;

80. After causing **DEONTAE** immediate peril **KNEA and DOES 1-40** then failed to render aid in accordance with **DISTRICT** policy and allowed **DEONTAE** to drown.

81. **DEONTAE** was forced to endure great pain and suffering because of **KNEA and DOES 1-40's** conduct.

82. **KNEA and DOES 1-40's** actions were the actual cause of **DEONTAE'S** harm; but not for tasing **DEONTAE** in the water numerous times and failing to provide adequate aid to **DEONTAE, DEONTAE** would be healthy today.

83. Further, **KNEA and DOES 1-40's** actions were the proximate cause of **DEONTAE'S** harm; **DEONTAE'S** injuries were evidenced immediately following **DEFENDANTS'** use of force on **DEONTAE**.

84. In as the actions alleged above, **KNEA and DOES 1-40** acted with malice or reckless indifference to **DEONTAE'S** rights, thereby entitling **DEONTAE** to an award of punitive damages against **KNEA and DOES 1-40**.

85. By reason of the conduct of **KNEA and DOES 1-40** as alleged herein, **DEONTAE** has necessarily retained attorneys to prosecute the present action. **DEONTAE** is therefore entitled to reasonable attorney's fees and litigation expenses incurred in bringing this action.

WHEREFORE, **DEONTAE** prays for relief as hereinafter set forth.

**SECOND CAUSE OF ACTION**
**(Monell Claim: 42 U.S.C. § 1983)**
*Against District and Does 1-40*

86. **DEONTAE** realleges and incorporates by reference EACH and EVERY PARAGRAPH of this Complaint as fully reproduced herein.

87. At all relevant times, **KNEA and DOES 1-40** acted under the color of the law performing official duties under the laws of California.

88. The above-described acts and failure to act by **KNEA and DOES 1-40** deprived **DEONTAE** of his right, as provided for under the Fourth and Fourteenth Amendment of the United States Constitution, to be free from excessive and/or arbitrary and/or unreasonable force against him.

89. **KNEA and DOES 1-40** viciously tased **DEONTAE** in the back multiple times while in a body of water without lawful justification subjecting **DEONTAE** to excessive force. After causing **DEONTAE** immediate peril **KNEA and DOES 1-40 failed to render lifesaving aid while DEONTAE was in the water, and then failed to administer CPR while DEONTAE was in police custody on the shore of the estuary, thereby** depriving **DEONTAE** of certain constitutionally protected rights, including, but not limited to:

    a. The right to be free from unreasonable searches, seizures and excessive force, as guaranteed by the Fourth Amendment of the United States Constitution;

    b. The right to be free from arbitrary, punitive force as guaranteed Fourteenth Amendment of the United States Constitution.

90. **KNEA and DOES 1-40 acted pursuant to** an expressly adopted official policy or a widespread or longstanding practice or custom of Defendants **DISTRICT**. In apparent conformance with District Policy & training Defendant Knea and other officers tased a suspect in the water. The decision to use a conducted energy weapon (CEW) against a suspect in water specifically contravenes Axon Taser policy, accepted national and state-wide practice and wantonly increased the likelihood of serious injury or death.

91. **DISTRICT** had a duty to adequately train, supervise and discipline their deputy officers in order to protect members of the public, including **DEONTAE**, from being unnecessarily harmed by their officers.

92. **DISTRICT** was deliberately indifferent to such duties and thereby proximately caused injury

to **DEONTAE** as complained herein.

93. **DEONTAE** is informed and believes that little, if any, action has been taken to correct

94. In actions as alleged above, **DISTRICT** acted with malice or reckless indifference to the rights of **DEONTAE**, thereby entitling **DEONTAE** to an award of punitive damages against **DISTRICT**.

95. By reason of the conduct of **DISTRICT** as alleged herein, **DEONTAE** has necessarily retained attorneys to prosecute the present action. **DEONTAE** is therefore entitled to reasonable attorney's fees and litigation expenses incurred in bringing this action.

WHEREFORE, **DEONTAE** prays for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION

**(Bane Act Violation – CA Civ Code § 52.1)**

*Against Knea, District, County and Does 1-40*

96. **DEONTAE** realleges and incorporates by reference paragraphs 1 through 88 of this Complaint as fully reproduced herein.

97. The present action is brought pursuant to §§ 820 and 815.2 of the California Government Code. Pursuant to § 820 of the California Government Code, **KNEA and DOES 1-40**, as public employees, are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, **KNEA and DOES 1-40** were acting within the course and scope of their employment and/or agency with COUNTY and DISTRICT. As such, **COUNTY and DISTRICT** are liable in *Respondeat Superior* for the injuries caused by the acts and omissions of **DOES 1-40** pursuant to § 815.2 of the California Government Code.

98. **KNEA and DOES 1-40** intentionally threatened, perpetrated physical harm upon, and interfered with **DEONTAE'S** state and federal statutory and Constitutional rights.

99. **DEONTAE'S** rights which were interfered with include, but are not limited to: right to

association, due process, privacy, travel and protection from bodily harm.

100. In actions as alleged above, **DEFENDANTS** acted with malice or reckless indifference to the rights of **DEONTAE**, thereby entitling **DEONTAE** to an award of punitive damages against **DEFENDANTS**.

101. By reason of the conduct of **DEFENDANTS** as alleged herein, **DEONTAE** has necessarily retained attorneys to prosecute the present action. **DEONTAE** is therefore entitled to reasonable attorney's fees and litigation expenses incurred in bringing this action.

WHEREFORE, **DEONTAE** prays for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION

**(Battery)**

*Against Knea, District, County and Does 1-40*

102. **DEONTAE** realleges and incorporates by reference paragraphs 1 through 88 of this Complaint as fully reproduced herein.

103. The present action is brought pursuant to §§ 820 and 815.2 of the California Government Code. Pursuant to § 820 of the California Government Code, **DEFENDANTS**, as public employees, are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, **KNEA and DOES 1-40** were acting within the course and scope of their employment and/or agency with **COUNTY, DISTRICT, and FILICE**. As such, **COUNTY, DISTRICT and FILICE** are liable in *Respondeat Superior* for the injuries caused by the acts and omissions of **KNEA and DOES 1-40** pursuant to § 815.2 of the California Government Code.

104. **DEFENDANTS** perpetrated an intentional, vicious physical attack on **DEONTAE**, and forcefully tased him in the back while he was in a body of water and then failed to render aid.

105. **DEFENDANTS** had the requisite intent to make physical contact and inflict pain and

suffering on **DEONTAE**.

106. **DEONTAE** has a right to be free from unwanted or unwarranted contact with his person and this right was violated by **DEFENDANTS'** actions or omissions, inclusive.

WHEREFORE, **DEONTAE** prays for relief as hereinafter set forth.

**FIFTH CAUSE OF ACTION**
**(Negligence)**
*Against Knea, District, County and Does 1-40*

107. **PLAINTIFFS** reallege and incorporate by reference paragraphs 1-88 of the Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton or oppressive conduct by **DEFENDANTS**, and any and all allegations requesting punitive damages.

108. In the alternative, **DEONTAE**, **THERESSA, CINCERE, and APOLLO** allege that **KNEA and DOES 1-40'S** negligent actions and/or negligent failure to act within the scope and course of their employment with the **COUNTY AND DISTRICT**, as set forth herein above, approximately caused severe physical injury to **DEONTAE, THERESSA, CINCERE, and APOLLO**.

109. The present action is brought pursuant to §§ 820 and 815.2 of the California Government Code. Pursuant to § 820 of the California Government Code, **ALL DEFENDANTS**, as public employees, are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, **ALL DEFENDANTS** were acting within the course and scope of their employment and/or agency with **COUNTY, DISTRICT, and FILICE**. As such, **COUNTY, DISTRICT, and FILICE** are liable in *respondeat superior* for the injuries caused by the acts and omissions of **ALL DEFENDANTS** pursuant to § 815.2 of the California Government Code.

110. As an actual and proximate result of said **DEFENDANTS**' negligence and physical injuries sustained by **DEONTAE**, **THERESSA, CINCERE, and APOLLO** sustained pecuniary loss resulting from the loss of comfort, society, attention and services, in an amount to be determined at trial.

WHEREFORE, **DEONTAE**, **THERESSA, CINCERE, and APOLLO** pray for relief as hereinafter set forth.

**<u>SIXTH CAUSE OF ACTION</u>**
**(False Imprisonment)**
*Against Knea, District, County and Does 1-40*

111. DEONTAE incorporates the foregoing paragraphs by reference, as though fully reproduced herein, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton or oppressive conduct by **DEFENDANTS**, and any and all allegations requesting punitive damages.

112. **DEONTAE** claims that he was wrongfully confined and restrained at the scene and on the bank of the estuary.

113. **DEFENDANTS** intentionally deprived **DEONTAE** of his freedom of movement without cause.

114. The acts of **DEFENDANTS** caused him to remain in the estuary for nearly 40 minutes and on the bank of the estuary for over 17 minutes without medical attention by use of physical barriers and threats of force, fraud and unreasonable duress. The restraint, confinement and detention of **DEONTAE** compelled **DEONTAE** to go into the frigid water. **DEONTAE** did not volunteer to go and was harmed by these acts.

115. **DEFENDANTS**' conduct was a substantial factor in causing **DEONTAE** harm. **DEONTAE** has also sustained pecuniary loss resulting from the loss of comfort, society and

attention.

WHEREFORE, **DEONTAE** prays for relief as hereinafter set forth.

**SEVENTH CAUSE OF ACTION**
**(Violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution)**
**(Due Process Clause Violation: Purpose to Harm, Deliberate Indifference to Serious Medical Need & State-Created Danger Doctrine)**
**(42 U.S.C. § 1983)**
*Against Knea and Does 1-40*

1. **DEONTAE** realleges and incorporates by reference EACH and EVERY PARAGRAPH of this Complaint as fully reproduced herein.
2. **DEFENDANTS'** above-described conduct violated **DEONTAE'S** rights, as provided for under the Fourteenth Amendment of the United States Constitution, to due process when they used force purposefully to harm DEONTAE.
3. Defendant and Does 1-40 chased Plaintiff into a body of water and used a conducted energy weapon against him which wantonly increased likelihood of serious harm and death. Moreover, they did not assist him once he was injury in the water and misrepresented the cause of his injuries that they caused to medical responders. As a result they not only use force with a purpose to harm unrelated to a legitimate law enforcement objective but they placed him in a situation more dangerous than they found him (state-created danger doctrine) and failed to respond to his serious medical needs.

**JURY DEMAND**

4. **DEONTAE hereby demands a jury trial**.

**PRAYER FOR RELIEF**

WHEREFORE, DEONTAE prays for relief, as follows:

For general damages in a sum according to proof;

For special damages, including but not limited to, past, present and/or future wage loss, medical expenses and other special damages to be determined according to proof;

For punitive and exemplary damages against each defendant in a sum according to proof;

Any and all permissible statutory damages;

For costs of suit and reasonable attorney's fees pursuant to 42 U.S.C. § 1988 and U.S.C. § 794(a); Cal. Civ. Code § 52.1 and any all statutory damages.

For all other relief to which the Court deems just and proper.

**Dated: October 21, 2024**

Respectfully submitted,

*/s/ Jamir Davis*
JAMIR DAVIS
J DAVIS LAW FIRM

/s/Valery Nechay__
VALERY NECHAY

*/s/ Patrick Buelna*
PATRICK BUELNA
ADANTE POINTER
POINTER & BUELNA, LLP