UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEONTAE CHARLES FAISON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ALAMEDA COUNTY, et al.,<br><br>Defendants. | Case No. 24-cv-06059-JSC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 27 |

Plaintiffs bring this action under 42 U.S.C. § 1983 against individual officers, Alameda County, and The East Bay Regional Park District (the "District"), alleging District Officer Knea tased Plaintiff Deontae Charles Faison while he was in the estuary at Martin Luther King Jr. Regional Shoreline Park, causing life-threatening injuries. (Dkt. No. 20.)[1] Plaintiffs originally filed their complaint bringing *Monell* claims against both the County and the District (Dkt. No. 1), but later amended their complaint to allege *Monell* liability only against the District. (Dkt. No. 20.) The District and Officer Knea now move to dismiss the *Monell* claims against the District. (Dkt. No. 27.) After carefully considering the parties' written submissions, the Court concludes oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and GRANTS Defendants' motion with leave to amend.

The Court must accept all plausibly alleged factual allegations as true but "[t]hreadbare recitals of a cause of action's elements, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Leatherman v. Tarrant Cnty. Narcotics Intel. and Coordination Unit*, 507 U.S.

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

163, 164 (1993) (holding Rule 8 notice pleading requirements apply to *Monell* claims). "A government entity may not be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (citing *Monell v. Dep't of Soc. Servs. Of the City of New York*, 436 U.S. 658, 694 (1978)).

Plaintiffs allege individual Defendants "acted pursuant to an expressly adopted official policy or a widespread or longstanding practice or custom of Defendants[*sic*] DISTRICT" but do not identify in their complaint any such policy, practice, or custom. (Dkt. No. 20 ¶ 90.) The Court therefore dismisses Plaintiffs' claim because they do not identify what policy or practice is the basis for their *Monell* claim. *See Dougherty*, 654 F.3d at 900-901 (upholding dismissal of *Monell* claims because the plaintiff failed to allege factual allegations beyond a "formulaic recitation of a cause of action's elements."); *compare Henderson v. Cnty. of Santa Cruz*, 14-cv-03544-RMW, 2015 WL 225429 at *6-7 (N.D. Cal. Jan. 16, 2015) (denying the defendants' motion to dismiss because the plaintiffs plead factual allegations that specific policies violated the plaintiffs' rights), *with Armstead v. Cnty. of Alameda*, No. 21-cv-05257-LB, 2022 WL 888660, at *6-7 (N.D. Cal. Mar. 26, 2022) (dismissing the plaintiffs' complaint because the plaintiffs did not allege the specific policy or practice that caused their injuries). The complaint's allegations do not support an inference as to what policy, "the plaintiffs must allege the policy or practice specifically." *Armstead*, 2022 WL 888660, at *7.

For these reasons, Plaintiffs' *Monell* claim against the District is DISMISSED with leave to amend. Any amended complaint shall be filed no later than February 13, 2025.

This Order disposes of Docket No. 27.

**IT IS SO ORDERED.**

Dated: January 13, 2025

JACQUELINE SCOTT CORLEY
United States District Judge