UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEONTAE CHARLES FAISON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ALAMEDA COUNTY, et al.,<br><br>Defendants. | Case No. 24-cv-06059-JSC<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 48 |

Plaintiff alleges Defendants violated his Fourth Amendment rights by tasing him while he was in an estuary and failing to provide him aid. (Dkt. No. 52 at 19-20.)[1] Plaintiff brings individual claims under 42 U.S.C. § 1983 against police officers, Alameda County, and the East Bay Regional Park District ("EBRP"). EBRP now moves to dismiss the Section 1983 *Monell* claim against it for failure to state a claim. (Dkt. No. 48.) After carefully considering the parties' written submissions, and having the benefit of oral argument on June 12, 2025, the Court DENIES EBRP's motion. Plaintiff plausibly pleads a *Monell* claim based on at least a failure to train. (*See* Dkt. No. 52 ¶¶ 99-100.)

**DISCUSSION**

To state a *Monell* claim, a plaintiff must allege facts plausibly supporting an inference "(1) that [the plaintiff] possessed a constitutional right of which [s]he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation." *Dougherty v. City of Corvina*, 654 F.3d 892, 900 (9th Cir. 2011). As to the third

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

requirement, a "failure to train may amount to a policy of 'deliberate indifference,' if the need to train was obvious and the failure to do so made a violation of constitutional rights likely." *Id.* (citing *City of Canton v. Harris*, 489 U.S 378, 392 (1989)).

Plaintiff plausibly pleads EBRP had policy "deliberately indifferent" to Plaintiff's constitutional rights. Drawing inferences in Plaintiff's favor, Officer Knea tased Plaintiff while Plaintiff was in an estuary without Officer Knea, violating both EBRP and taser manufacturer policy. (*See* Dkt. No. 52 ¶¶ 36-39.) Officers violated EBRP policy again when they watched Plaintiff struggle in the estuary for 40 minutes without providing him aid. (*See id.* ¶¶ 44-45.) Plaintiff was only pulled from the water upon losing consciousness, and EBRP officers then failed to administer any medical aid, further violating EBRP policy. (*See id.* ¶¶ 58-59.) These allegations support inference there was a failure to train as to taser use and pursuit protocols.

Further, the allegations also support an inference that "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *City of Canton, Ohio v. Harris*, 489 U.S. at 390. In *Canton*, for example, the Supreme Court explained that the need to train officers on the use of deadly force is so obvious that "failure to do so could be properly characterized as 'deliberate indifference' to constitutional rights." *Id.*, 489 U.S. at 390 n.10. Similarly, here, the need to train officers on the use of tasers— and what to do once deployed— "could be properly characterized as 'deliberate indifference' to the need" for training. *See id.*; (Dkt. No. 52 ¶¶36-39.) So, Plaintiff plausibly pleads a failure to train *Monell* claim.

***

At the pleading stage, *Monell* liability theories are essentially separate arguments supporting a single *Monell* claim. *Quinto-Collins v. City of Antioch*, No. 21-cv-06094-VC, 2022 WL 18574, at *2 (N.D. Cal. Jan. 3, 2022). Because Plaintiff sufficiently pleads a failure to train liability theory, it is unnecessary to evaluate the plausibility of other *Monell* theories he may pose.

For these reasons, Defendant's motion to dismiss is DENIED. EBRP's request that the *Monell* claim be bifurcated is denied without prejudice.

This Order disposes of Docket No. 48.

**IT IS SO ORDERED.**

Dated: July 21, 2025

JACQUELINE SCOTT CORLEY
United States District Judge