NOAH G. BLECHMAN (State Bar No. 197167)
noah.blechman@mcnamaralaw.com
JOHN J. SWAFFORD (State Bar No. 321174)
John.Swafford@McNamaraLaw.com
McNAMARA, AMBACHER, WHEELER,
HIRSIG & GRAY LLP
3480 Buskirk Avenue, Suite 250
Pleasant Hill, CA 94523
Telephone: (925) 939-5330
Facsimile:  (925) 939-0203

Attorneys for Defendant
Alameda County

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEONTAE CHARLES FAISON BY AND THROUGH HIS GUARDIAN AD LITEM THERESA FLORES,<br><br>Plaintiffs,<br><br>vs.<br><br>ALAMEDA COUNTY; EAST BAY REGIONAL PARK DISTRICT; JONATHAN KNEA in his individual capacity; ROBERT FILICE in his individual capacity; and; DOES 1-40 individually and in official capacities as police officers for the EAST BAY REGIONAL PARKS AND Sheriff Deputies for ALAMEDA COUNTY,<br><br>Defendants. | Case No. C24-6059 JSC<br><br>**NOTICE OF MOTION AND MOTION FOR ENTRY OF A SEPARATE JUDGMENT FOR THE COUNTY, PURSUANT TO FRCP 54(B)**<br><br>Date: October 2, 2025<br>Time: 10:00 a.m.<br>Dept: SF, Courtroom 8 – 19th Floor<br>Judge: Hon. Jacqueline Scott Corley |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on October 2, at 10:00 a.m., in Courtroom 8 of the above-entitled Court, located on the 19th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, or as soon thereafter as this matter can be heard, Defendant COUNTY OF ALAMEDA ("COUNTY") will and hereby moves this Court for the Entry of a Separate Judgment under Federal Rule of Civil Procedure ("FRCP") 54(b) and 58(d).  COUNTY makes this Motion for the Entry of a Separate Judgment on the grounds that the COUNTY has been dismissed from the lawsuit per recent order of the Court and there is no just reason to delay judgment for the COUNTY.  The case is continuing against the other unrelated Defendants as well.

This Motion is based on this Notice, the Memorandum of Points and Authorities and the supporting Declaration of Noah G. Blechman, Esq., the proposed order, as well as such further oral argument as may be presented at the hearing on this matter.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### **I.   PROCEDURAL POSTURE**

On March 31, 2025, Plaintiff Deonte Faison filed his Second Amendment Complaint (ECF 52) bringing four state claims against the COUNTY.  On June 12, 2025, the COUNTY moved for Judgment on the Pleadings on all four state claims. (ECF 63). This Court, on August 1, 2025, issued its Order ("Order") granting the COUNTY'S motion, dismissing all claims against the COUNTY and denying Plaintiff leave to amend. (ECF 84). As the prevailing party, the COUNTY filed a Bill of Costs on August 14, 2025. (ECF 87).  The COUNTY now seeks the entry of a separate judgment pursuant to Fed. R. Civ. P. 54(b), for the judgment, and also so the Court can rule on the Bill of Costs as well.

### **II.   LEGAL STANDARDS**

Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, "[w]hen an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties." "This rule `was adopted specifically to avoid the possible injustice of delay[ing] judgment o[n] a distinctly separate claim [pending] adjudication of

the entire case. . . . The Rule thus aimed to augment, not diminish, appeal opportunity.'" *Tsyn v. Wells Fargo Advisors*, LLC, No. 14-CV- 02552-LB, 2016 WL 1718139, at *1 (N.D. Cal. Apr. 29, 2016) (citing *Jewel v. Nat'l Sec.Agency*, 810 F.3d 622, 628 (9th Cir. 2015)).

While "[t]he Supreme Court has eschewed setting narrow guidelines for district courts to follow in weighing Rule 54(b) certification," it has "put some meat on this bare-bones rule . . . and . . . shed light on the factors that may inform a judge's [Rule 54(b)] decision." *Tsyn*, 2016 WL 1718139, at *1. The Rule 54(b) inquiry focuses on the "interrelationship" of the adjudicated claims - those proposed for interlocutory appeal, and those that remain pending and require the court to ask "whether the nature of the claim [is] such that no appellate court would have to decide the same issues more than once." *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005). The greater the overlap between the facts underlying the adjudicated claims and those that remain pending, the greater the chance the appellate court will have to revisit the same issues on a second appeal. *Id*. at 882. Therefore, a court should only grant a motion for entry of a final judgment pursuant to Fed. R. Civ. P. 54(b) where the adjudicated claims and remaining claims are not based on the same or substantially the same set of facts. *Id.*

### III.  ARGUMENTS

#### A.  The Court Should Enter Separate Judgment for Alameda County

Here, the judgment at issue is a "final judgment" because the Court dismissed the COUNTY with prejudice. *Curtiss-Wright Corp. v. General Elec. Co.,* 446 U.S. 1, 7-8 (1980). Entry of final judgment is within the "sound judicial discretion" of this Court. *Curtiss-Wright Corp. v. General Elec. Co*., 446 U.S. 1, 10 (1980). Therefore, the judgment as to those claims against the COUNTY is indeed final and the Court need not look any further. *Conway v. City of Palm Desert*, 2023 U.S. Dist. LEXIS 129646, at *30 (C.D. Cal. July 25, 2023) ("Plaintiff's remaining claims against Palm Desert are hereby dismissed with prejudice. Accordingly, "one final judgment" will suffice.")

Ordinarily, the Court's ability to issue a judgment is constrained by the "one final judgment" rule. *Romoland Sch. Dist. v. Inland Empire Energy Ctr., LLC*, 548 F.3d 738, 747 (9th Cir. 2008). However, when action involves multiple parties, district courts have discretion to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly

1  determines that there is no just reason for delay." In the instant case, there is no "just reason for
2  delay." Fed. R. Civ. P. 54(b); *AmerisourceBergen Corp. v. Dialysist W., Inc.,* 465 F.3d 946, 954
3  (9th Cir. 2006). The Supreme Court has noted that "[n]ot all final judgments on individual claims
4  should be immediately appealable, even if they are in some sense separable from the remaining
5  unresolved claims ... in deciding whether there are no just reasons to delay the appeal of individual
6  final judgments in a setting such as this, a district court must take into account judicial
7  administrative interests as well as the equities involved. Consideration of the former is necessary
8  to ensure that application of the Rule effectively preserves the historic federal policy against
9  piecemeal appeals." *Curtiss-Wright*, 446 U.S. at 8

10  The Court must analyze "judicial concerns," including "whether the certified order is
11  sufficiently divisible from the other claims such that the case would not inevitably come back to
12  [the Court of Appeals] on the same set of facts." *Jewel v. Nat'l Sec. Agency*, 810 F.3d 622, 628 (9th
13  Cir. 2015). There is minimal "interrelationship of claims," where the judgment at issue will not
14  lead to "piecemeal appeals"; and the equities – such as "efficient judicial administration," prejudice,
15  and delay warrant a separate judgment. *S.E.C. v. Platforms Wireless Int'l Corp*., 617 F.3d 1072,
16  1084-85 (9th Cir. 2010). Here, the facts underlying the adjudicated state claims concerning the
17  COUNTY, while based on the same incident facts and circumstances presented to EBRPD officers,
18  the COUNTY involvement was simply peripheral, with no physical involvement with Plaintiff. As
19  such, Plaintiff's claims appeared to rely solely on the COUNTY deputies' duty to intervene after
20  EBRPD officer used force to prevent Plaintiff from evading apprehension. This basis of liability
21  differs from Plaintiff's claims against EBRPD, which relate essentially to excessive force, as
22  discussed, no deputy employed force or was present during any use of force towards Plaintiff. As
23  such, the remaining claims are brought against EBRPD and are factually different than what
24  Plaintiff presents against the COUNTY. There is no "substantial overlap" between the facts
25  underlying the claims and therefore, there is no risk of an appellate court having to decide the same
26  issues more than once. See *Wood*, 422 F.3d at 878. "Although similar claims remain pending
27  against other defendants [here, EBRPD], the factual bases of many of the claims differ as to each
28  defendant." *Noel v. Hall*, 568 F.3d 743, 747 (9th Cir. 2009) (affirming entry of final judgment as

to one defendant after the Court had granted summary judgment to that defendant). The issues and facts involving the COUNTY are separate and severable for those involving EBRPD.

In addition, the courts conduct an "equitable analysis" in which they "focus on traditional equitable principles such as prejudice and delay." *Gregorian v. Izvestia*, 871 F.2d 1515, 1519 (9th Cir. 1989). The equities favor granting the COUNTY separate judgment because it will lead to efficient judicial administration. Even if Plaintiff's claims against the COUNTY involved claims and facts common against EBRPD (and they do not), the Court can enter separate judgment for the COUNTY if it would streamline the litigation, which it would. "[C]laims certified for appeal do not need to be separate and independent from the remaining claims, so long as resolving the claims would 'streamline the ensuing litigation.'" *Noel v. Hall*, 568 F.3d 743, 747 (9th Cir. 2009). The Court dismissed the COUNTY with prejudice narrowing the issue for trial, "efficiently separate[ing] the legal from the factual questions"" to avoid possible piecemeal appeals. *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798 (9th Cir. 1991). Moreover, granting separate judgment to the COUNTY, because any delay in entering judgment would prejudice the COUNTY as it would have to wait for the continued litigation between the remaining defendants to end before it can exit the case. Rule 54(b) seeks to avoid "the danger of hardship and denial of justice through delay if each issue must await the determination of all issues as to all parties before a final judgment can be had." *Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507, 511-12 (1950). The COUNTY would be forced to monitor this case, and the Court will have a dismissed party to manage as part of its caseload, until the Court enters judgment as to all remaining claims and parties, which will take an unknown amount of time. As such, the COUNTY would "be prejudiced if it is forced to wait until final judgment is entered on the claims against [EBRPD] …when the Court has already determined that there is no legal basis for liability as to" the COUNTY. *MTGLQ, DeLia v. Verizon Commc'ns, Inc.*, 682 F. Supp. 2d 58, 60 (D. Mass. 2010), aff'd 656 F.3d (1st Cir. 2011). There is no just reason for delay, there is no risk that granting the COUNTY's Rule 54(b) request will cause duplicative proceedings before the Ninth Circuit because the COUNTY is wholly and definitively separate from EBRPD. Further, there is a reasonable chance that a significant delay will occur with respect to a final resolution to the COUNTY and this chance of delay outweighs any potential harm to

1  Plaintiff.

2  For all the foregoing reasons, the COUNTY respectfully requests the Court grant the entry

3  for Separate Judgment.

4  Dated:  August 26, 2025        MCNAMARA, AMBACHER, WHEELER,
                                   HIRSIG & GRAY LLP

By:    /s/ Noah G. Blechman
       Noah G. Blechman
       John J. Swafford
       Attorneys for Defendant
       Alameda County

MCNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330

NOTICE OF MOTION AND MOTION FOR          5
SEPARATE JUDGMENT C24-6059 JSC