NOAH G. BLECHMAN (State Bar No. 197167)
noah.blechman@mcnamaralaw.com
JOHN J. SWAFFORD (State Bar No. 321174)
John.Swafford@McNamaraLaw.com
McNAMARA, AMBACHER, WHEELER,
HIRSIG & GRAY LLP
3480 Buskirk Avenue, Suite 250
Pleasant Hill, CA 94523
Telephone: (925) 939-5330
Facsimile:  (925) 939-0203

Attorneys for Defendant
Alameda County

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEONTAE CHARLES FAISON BY AND THROUGH HIS GUARDIAN AD LITEM THERESA FLORES,<br><br>Plaintiffs,<br><br>vs.<br><br>ALAMEDA COUNTY; EAST BAY REGIONAL PARK DISTRICT; JONATHAN KNEA in his individual capacity; ROBERT FILICE in his individual capacity; and; DOES 1-40 individually and in official capacities as police officers for the EAST BAY REGIONAL PARKS AND Sheriff Deputies for ALAMEDA COUNTY,<br><br>Defendants. | Case No. C24-6059 JSC<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT COUNTY OF ALAMEDA'S MOTION FOR ENTRY OF SEPARATE JUDGMENT**<br><br>Date:  October 2, 2025<br>Time:  10:00 a.m.<br>Dept:  SF, Courtroom 8 – 19th Floor<br>Judge: Hon. Jacqueline Scott Corley |

Defendant COUNTY Motion for Separate Judgment came before this Court. Good cause having been shown, and after full consideration of the moving papers and supporting documents, and any opposition arguments, any reply brief, as well as any oral arguments, the Court finds that the COUNTY's Motion for Separate Judgment is hereby GRANTED.

## I. PROCEDURAL POSTURE

On March 31, 2025, Plaintiff Deonte Faison filed his Second Amendment Complaint (ECF 52) bringing four state claims against the COUNTY. On June 12, 2025, the COUNTY moved for Judgment on the Pleadings on all four state claims. (ECF 63). This Court, on August 1, 2025, issued its Order granting the COUNTY'S motion and dismissing all claims against the COUNTY and denied Plaintiff leave to amend. (ECF 84). As the prevailing party, the COUNTY filed a Bill of Costs on August 14, 2025. (ECF 87). The COUNTY now seeks a separate judgment pursuant to Fed. R. Civ. P. 54(b).

## II. MOTION FOR SEPARATE JUDGMENT

Defendant COUNTY moves for separate judgment because it is no longer a defendant in this matter. The Court GRANTS the COUNTY's motion to enter Separate Judgment.

### A. DISCUSSION

The judgment at issue is a "final judgment" because the Court dismissed the COUNTY with prejudice. *Curtiss-Wright Corp. v. General Elec. Co.,* 446 U.S. 1, 7-8 (1980). Entry of final judgment is within the "sound judicial discretion" of this Court. *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 10 (1980). Therefore, the judgment as to those claims against the COUNTY is indeed final and the Court need not look any further. *Conway v. City of Palm Desert*, 2023 U.S. Dist. LEXIS 129646, at *30 (C.D. Cal. July 25, 2023) ("Plaintiff's remaining claims against Palm Desert are hereby dismissed with prejudice. Accordingly, "one final judgment" will suffice.")

Ordinarily, the Court's ability to issue a judgment is constrained by the "one final judgment" rule. *Romoland Sch. Dist. v. Inland Empire Energy Ctr., LLC*, 548 F.3d 738, 747 (9th Cir. 2008). However, since this action involves multiple parties, district courts have discretion to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." In the instant case, there is no "just reason for delay." Fed. R. Civ. P. 54(b); *AmerisourceBergen Corp. v. Dialysist W., Inc.,* 465 F.3d 946, 954 (9th Cir. 2006). The Supreme Court has noted that "[n]ot all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims ... in deciding whether there are no just reasons to delay the appeal of individual

final judgments in a setting such as this, a district court must take into account judicial administrative interests as well as the equities involved. Consideration of the former is necessary to assure that application of the Rule effectively preserves the historic federal policy against piecemeal appeals." *Curtiss-Wright*, 446 U.S. at 8

The Court will analyze "judicial concerns," including "whether the certified order is sufficiently divisible from the other claims such that the case would not inevitably come back to [the Court of Appeals] on the same set of facts." *Jewel v. Nat'l Sec. Agency*, 810 F.3d 622, 628 (9th Cir. 2015). There is minimal "interrelationship of claims," where the judgment at issue will not lead to "piecemeal appeals"; and the equities – such as "efficient judicial administration," prejudice, and delay warrant a separate judgment. *S.E.C. v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1084-85 (9th Cir. 2010). The facts underlying the adjudicated state claims concerning the COUNTY, are based on the same incident facts and circumstances presented to EBRPD officers, the COUNTY involvement was simply peripheral, with no physical involvement with Plaintiff. As such, Plaintiff's claims appeared to rely solely on the COUNTY deputies' duty to intervene after EBRPD officer used force to prevent Plaintiff from evading apprehension. This basis of liability differs from Plaintiff's claims against EBRPD, which relate essentially to excessive force, which is not at issue for the COUNTY. As such, the remaining claims are brought against EBRPD and are factually different than what Plaintiff presents against the COUNTY. There is no "substantial overlap" between the facts underlying the claims and therefore, there is no risk of an appellate court having to decide the same issues more than once. See *Wood*, 422 F.3d at 878. "Although similar claims remain pending against other defendants [here, EBRPD], the factual bases of many of the claims differ as to each defendant." *Noel v. Hall*, 568 F.3d 743, 747 (9th Cir. 2009) (affirming entry of final judgment as to one defendant after the Court had granted summary judgment to that defendant). The issues and facts involving the COUNTY are separate and severable for those involving EBRPD.

In addition, the Court will conduct an "equitable analysis" in which they "focus on traditional equitable principles such as prejudice and delay." *Gregorian v. Izvestia*, 871 F.2d 1515, 1519 (9th Cir. 1989). The equities favor granting the COUNTY separate judgment as it will lead to

ORDER GRANTING DEFENDANT COUNTY'S MOTION FOR ENTRY OF SEPARATE JUDGMENT PURSUANT TO FRCP 54(b) C24-6059 JSC       3

efficient judicial administration. Even if Plaintiff's claims against the COUNTY involved claims and facts common against EBRPD (and they do not), the Court can enter separate judgment for the COUNTY if it would streamline the litigation, which it would. "[C]laims certified for appeal do not need to be separate and independent from the remaining claims, so long as resolving the claims would 'streamline the ensuing litigation.'" *Noel v. Hall*, 568 F.3d 743, 747 (9th Cir. 2009). The Court dismissed the COUNTY with prejudice narrowing the issue for trial, "efficiently separate[ing] the legal from the factual questions"" to avoid possible piecemeal appeals. *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798 (9th Cir. 1991). Moreover, granting separate judgment to the COUNTY, because any delay in entering judgment would prejudice the COUNTY as it would have to wait for the continued litigation between the remaining defendants to end before it can exit the case. Rule 54(b) seeks to avoid "the danger of hardship and denial of justice through delay if each issue must await the determination of all issues as to all parties before a final judgment can be had." *Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507, 511-12 (1950). The COUNTY would be forced to monitor this case, and the Court will have a dismissed party to manage as part of its caseload, until the Court enters judgment as to all remaining claims and parties, which will take an unknown amount of time. As such, the COUNTY would "be prejudiced if it is forced to wait until final judgment is entered on the claims against [EBRPD] …when the Court has already determined that there is no legal basis for liability as to" the COUNTY. *MTGLQ, DeLia v. Verizon Commc'ns, Inc.*, 682 F. Supp. 2d 58, 60 (D. Mass. 2010), aff'd 656 F.3d (1st Cir. 2011). There is no just reason for delay, there is no risk that granting the COUNTY's Rule 54(b) request will cause duplicative proceedings before the Ninth Circuit because the COUNTY is wholly and definitively separate from EBRPD. Further, there is a reasonable chance that a significant delay will occur with respect to a final resolution to the COUNTY and this chance of delay outweighs any potential harm to Plaintiff.

///

///

///

///

ORDER GRANTING DEFENDANT COUNTY'S MOTION FOR ENTRY OF SEPARATE JUDGMENT PURSUANT TO FRCP 54(b) C24-6059 JSC

4

### III. CONCLUSION

For the reasons stated above, per FRCP 54(b), the Court herein GRANTS Defendant COUNTY's Motion for Entry of Separate Judgment and enters it herein, in favor of the COUNTY, as against Plaintiff.

**IT IS SO ORDERED**

Dated: _____

By: _____
HON. JACQUELINE SCOTT CORLEY
United States District Judge

ORDER GRANTING DEFENDANT COUNTY'S MOTION FOR ENTRY OF SEPARATE JUDGMENT PURSUANT TO FRCP 54(b) C24-6059 JSC            5

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330