**ADANTÉ D. POINTER, ESQ., SBN 236229**
**PATRICK M. BUELNA, ESQ., SBN 317043**
POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Suite 208
Oakland, CA 94607
Tel: 510-929-5400
Website: www.LawyersFTP.com
Email: APointer@LawyersFTP.com
Email: PBuelna@LawyersFTP.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEONTAE CHARLES FAISON BY AND THROUGH HIS GUARDIAN AD LITEM THERESA FLORES,<br><br>Plaintiff,<br><br>v.<br><br>ALAMEDA COUNTY, et al.,<br><br>Defendants | Case No. 3:24-cv-06059-JSC<br><br>**JOINT LETTER REGARDING DISCOVERY DISPUTE** |

# JOINT LETTER

Pursuant to this Court's Standing Order, the Parties submit this joint letter on Plaintiff's request to extend the expert rebuttal report date two weeks to accommodate Plaintiff's rebuttal expert to prepare a writing report pursuant to Federal Rule of Civil Procedure 16.

The current scheduling order (ECF 33 & 93) is:

| | |
|---|---|
| Expert Reports: | Sept. 1, 2025 |
| Expert Rebuttal | Oct. 1, 2025 |
| Expert Cutoff: | Nov. 15, 2025 |
| L/D File Disp. Mtn. | Dec. 4, 2025 |
| Pretrial Conf: | Feb. 26, 2026 |
| Trial Date: | March 23, 2026 |

Counsel for the Parties met and conferred telephonically on Monday, September 23, 2025 and state their positions below:

**Plaintiff:**

There is good cause to modify the scheduling order to extend the expert rebuttal report deadline 2 weeks because Plaintiff's rebuttal expert, Dr. Schreiber – an emergency physician – will be out of the country for two weeks and will require an additional two weeks to complete his report.

Extending the rebuttal report deadline would effect no other dates, would not prejudice any party and Plaintiff was absolutely diligent in meeting the deadlines.

A party seeking to modify the court's pretrial scheduling order must first demonstrate "good cause" under FRCP Rule 16. Good cause under Rule 16(b) "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). A district court may modify a pretrial scheduling order if the order "cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* Although prejudice may supply an additional reason to deny a motion under Rule 16, "the focus of the inquiry is upon the moving party's reasons for seeking modification," and "[i]f that party was not diligent, the inquiry should end." *Id.*

Here, Defendants disclosed two medical emergency physicians in their Sept. 1, 2025 expert disclosures that opined primarily on the cause of Plaintiff's cardiac arrest. On September 4, 2025 Plaintiff contacted a potential rebuttal expert, Dr. Schreiber, to review those reports and provided the relevant case documents. On September 18, 2025, after review of those documents, Dr. Schreiber indicated he could provide a written report addressing the mechanism of cardiac arrest Defendants' experts opined on which propounded undue weight on Plaintiff's methamphetamine levels from the toxicology report. Dr. Schreiber indicated he would need an additional two weeks to prepare the report, because he was out of the country starting Saturday, September 19, 2025.

The same day Plaintiff requested Defendants for an extension of two weeks and explained the reason. Defendants rejected the request but offered no explanation how or why the extension was unreasonable or how it would prejudice Defendants.

Plaintiff would note that the Court just extended the expert discovery cutoff by 2 weeks. ECF 93. Therefore, if the Court granted a two week extension of the rebuttal report, Defendants would have the *exact* same amount of time as they had prior to that extension. Moreover, since it is a rebuttal report they would only need to take the expert's deposition. There would be no prejudice. Plaintiff has been diligent and his expert simply needs two weeks to produce a written report of his preliminary opinions because he is out of the country.

Defendants take the nonsensical position Plaintiff waited until the last moment to disclose a rebuttal expert but this is untrue. Defendants disclosed experts September 1 and Plaintiff retained one 3 days later. Plaintiff did not and could not know what experts Defendants would disclose before they disclosed them. Plaintiff's expert believed that he could meet the October 1 deadline but the case was more complicated and he became more busy than he anticipated before he had to leave out of the country.

Defendants also claim that good cause has not been shown because "Plaintiff has consistently disregarded the Court's deadlines and rules throughout this case." This is a completely irrelevant *ad hominem* argument that does not address if Plaintiff has been diligent and shown good cause for a 14 day extension he has requested. Plaintiff stipulated to an extension of expert discovery deadlines because Defendants experts were unavailable within the Court's deadlines, Defendants are now unprepared to return the same courtesy.

Finally, Defendants' are not prejudiced – even if Plaintiff must challenge their causation argument at summary judgment – because (1) they can ask for an extension to file on causation, (2) even if Plaintiff's met the current rebuttal disclosure deadline his expert may still be unavailable on those proposed dates so it has no effect here; (3) Defendants' own medical experts do not eliminate causation in their reports so Plaintiff is uncertain why they would file summary judgment on a jury issue; (4) Plaintiff's expert will not opine that the taser is the primary cause of the cardiac arrest, rather it was the near drowning, but he must consider the fact that the taser event occurred, is part of what caused Plaintiff to run into the water and therefore is an important contextual fact in considering the medical history/context. Defendants own experts acknowledged it occurred, although they debate if neuromuscular incapacitation occurred (ultimately a fact for a jury to decide) so Plaintiff is uncertain how this is an issue anyhow.

Either way there is good cause for the limited modification of a 14 day extension to the rebuttal report deadline.

**<u>Defendants:</u>**

Plaintiff asked for an extension of the rebuttal expert deadline. Defendants initially opposed. We then reconsidered and asked follow-up questions to determine whether there was good cause or simply unnecessary delay. Plaintiff answered those questions, and based on those answers, Defendants agreed to an extension.

To protect our clients, we asked that any stipulation be premised on Plaintiff's stated reasoning: that Dr. Schreiber is Plaintiff's only rebuttal expert, that his opinions are limited to the mechanism of cardiac arrest and the effect of methamphetamine, and that he has no opinions regarding the effect of the Taser or neuromuscular incapacitation. Because the deadline to file our dispositive motion is October 30, 2025, we also requested that Dr. Schreiber be made available for deposition on October 17 or 20. Plaintiff did not to agree to these conditions. (See attached email correspondence.)

Because Plaintiff would not confirm, via stipulation, that the extension rests on the same reasoning previously provided, Defendants cannot be sure whether the original justification for delay still stands. For example, it remains unclear whether Dr. Schreiber was advised of the October 1 deadline when he was first contacted on September 4, 2025.

The prejudice to Defendants is two-fold. First, Plaintiff has consistently disregarded the Court's deadlines and rules throughout this case. Here, Plaintiff waited until the last moment to disclose a rebuttal expert who was unavailable for much of the disclosure period. Second, the extension directly impacts Defendants' ability to prepare their dispositive motion and defend themselves at trial. That MSJ must be filed October 30, 2025. Plaintiff currently has no experts on causation; Defendants have two. At summary judgment, Defendants will ask the Court to rule in their favor on medical causation. Allowing Plaintiff two additional weeks to serve rebuttal disclosures undermines that defense and prejudices Defendants both at summary judgment and at trial.

Accordingly, Defendants respectfully request that Plaintiff's request be denied.

/s/Patrick Buelna
PATRICK BUELNA
Attorney for Plaintiff

|   |   |
|---|---|
|   | */s/ Patrick Moriarty*<br>PATRICK MORIARTY<br>Attorney for Defendants |



Patrick Moriarty <pmoriarty@cmtrlaw.com>

---

# Rebuttal Deadline M+C (Faison v. EBRPD)

---

**Patrick Buelna** <pbuelna@lawyersftp.com>　　　　　　　　　　　　　　Tue, Sep 23, 2025 at 11:51 AM
To: Patrick Moriarty <pmoriarty@cmtrlaw.com>
Cc: Kelly Karpenske <kkarpenske@cmtrlaw.com>, John Robinson <jrobinson@cmtrlaw.com>, Adante Pointer <apointer@lawyersftp.com>, Jamir Davis <jdavis@jdaviscounsel.com>, Nicole Henry <admin@lawyersftp.com>

I don't know if he is available on Oct 17 or 20 and I'm not going to restrict his rebuttal topics simply because he needs an additional 2 weeks. The topics of the rebuttal report have no legal importance to the extension. Just put your opposition into the joint letter.



**POINTER & BUELNA, LLP**

# Patrick Buelna

**Partner**

**A:**　155 Filbert St. Ste. 208
　　　Oakland, CA. 94607

　　　500 Capitol Mall, Suite 2350
　　　Sacramento, CA 95814

　　　633 West 5th St, Suite 2627
　　　Los Angeles, CA 90071

**P:**　(510) 929 - 5400
**F:**　(510) 217 - 9585

**www.LawyersFTP.com**

---

**Facsimile or Email Confidentiality Notice**

The information transmitted by this email/facsimile communication, including any additional pages or attachments, is intended only for the addressee and may contain confidential and/or privileged material. Any interception, review, retransmission, disclosure, dissemination, or other use and/or taking of any action upon this information by persons or entities other than the intended recipient is prohibited by law and may subject them to criminal or civil liability. If you received this communication in error, please contact us immediately at pbuelna@lawyersftp.com and delete the communication from any computer or network system or dispose of the documents as directed. Thank you.

On Tue, Sep 23, 2025 at 11:32 AM Patrick Moriarty <pmoriarty@cmtrlaw.com> wrote:

> Pat:
>
> We will agree to Dr. Schrieber's report being served two weeks late on the following conditions, which must be included in the stipulation:
>
> 　1. The report will be served no later than October 15, 2025.
>
> 　2. We will depose Dr. Schrieber on October 17 or October 20, 2025.
>
> 　3. Dr. Schrieber is Plaintiff's only rebuttal expert. His opinions are limited to the mechanism of cardiac arrest and the effect of methamphetamine.

- He has no opinions on the effect of the Taser on Faison's cardiac arrest.
- He has no opinions on neuromuscular incapacitation and Faison's cardiac arrest.

4. Plaintiff's counsel first contacted Dr. Schrieber on September 4, 2025; provided case information on September 5, 2025; and first learned on September 18, 2025 that he would be out of the country from September 19 to October 3, 2025.

-Pat

On Tue, Sep 23, 2025 at 10:59 AM Patrick Buelna <pbuelna@lawyersftp.com> wrote:
> Following up on this can you either send back the joint letter or let me know re the stip



**POINTER & BUELNA, LLP**

## Patrick Buelna
**Partner**

**A:** 155 Filbert St. Ste. 208
Oakland, CA. 94607

500 Capitol Mall, Suite 2350
Sacramento, CA 95814

633 West 5th St, Suite 2627
Los Angeles, CA 90071

**P:** (510) 929 - 5400
**F:** (510) 217 - 9585

www.LawyersFTP.com

**Facsimile or Email Confidentiality Notice**

The information transmitted by this email/facsimile communication, including any additional pages or attachments, is intended only for the addressee and may contain confidential and/or privileged material. Any interception, review, retransmission, disclosure, dissemination, or other use and/or taking of any action upon this information by persons or entities other than the intended recipient is prohibited by law and may subject them to criminal or civil liability. If you received this communication in error, please contact us immediately at pbuelna@lawyersftp.com and delete the communication from any computer or network system or dispose of the documents as directed. Thank you.

On Mon, Sep 22, 2025 at 12:10 PM Patrick Buelna <pbuelna@lawyersftp.com> wrote:
> Good morning,
>
> - That the materials were sent to Dr. Schreiber on September 4.
> - *Phone conversation Sept 4, materials sent following day Sept 5.*
> - At that time, there was no discussion about him being out of the country starting September 19.
> - *There was none. Learned the same day I sent you email.*
> - This is your only rebuttal expert re emergency medicine.
> - *This our only rebuttal expert*
> - Dr. Schreiber has no opinions re NMI.

- Correct his opinion is on cause of cardiac arrest being related to the near drowning

Thanks,
Pat

On Mon, Sep 22, 2025 at 10:22 AM Patrick Moriarty <pmoriarty@cmtrlaw.com> wrote:

> Pat –
>
> Our position and our objection materially alters if you can show us:
>
> - That the materials were sent to Dr. Schreiber on September 4.
> - At that time, there was no discussion about him being out of the country starting September 19.
> - This is your only rebuttal expert re emergency medicine.
> - Dr. Schreiber has no opinions re NMI.
>
> Please let us know the answers to these inquiries, and we may not need to get Judge Corley involved. As for your requested deadline/today, we are slammed with a bunch of pressing matters. Realistically, we can get our portion of the letter (if needed) together by COB tomorrow.
>
> -Pat
>
> On Fri, Sep 19, 2025 at 2:44 PM Patrick Buelna <pbuelna@lawyersftp.com> wrote:
>
>> Good afternoon Patrick,
>>
>> Apologies should have said mechanism/cause of cardiac arrest. Attached below is the Joint Letter. Please provide your position with the intent to file Monday. Let me know when you are available today or Monday to discuss on the phone prior to filing.
>>
>> Have a nice weekend.
>>
>> Thanks
>> Pat
>>
>> On Fri, Sep 19, 2025 at 11:29 AM Patrick Moriarty <pmoriarty@cmtrlaw.com> wrote:
>>
>>> Pat:
>>>
>>> First, I am confused. You indicated "mechanism of death." There was no death.
>>>
>>> Next, we have discussed your request with our clients. We do not agree to your proposed stipulation. If you designate a rebuttal witness after the Court ordered date, we will oppose the motion.
>>>
>>> Thanks.
>>>
>>> -Pat
>>>
>>> On Thu, Sep 18, 2025 at 1:01 PM Patrick Buelna <pbuelna@lawyersftp.com> wrote:
>>>
>>>> Hi Kelly,

The expert will rebut the opinions of Defendants medical experts to the extent they suggest the mechanism of death was methamphetamine. Our expert will opine that the primary mechanism was a near drowning incident and cite the appropriate evidence. As mentioned, he is out of the county for the next two weeks which is why he will need an additional two weeks to prepare his report.

I'm available between 10-1:30 and 2:30-3:30 tomorrow.

Thanks,
Pat

On Thu, Sep 18, 2025 at 12:46 PM Kelly Karpenske <kkarpenske@cmtrlaw.com> wrote:
> Hi Pat,
>
> Pat and John are on the road today and will try to get back to you tomorrow. To evaluate the extension, can you tell us who your rebuttal expert is and what they plan on rebutting? Also, what's driving the two-week delay?
>
> Let us know your availability tomorrow if you'd like to have a call?
>
> Thank you
>
> ---
> 

On Thu, Sep 18, 2025 at 11:03 AM Patrick Buelna <pbuelna@lawyersftp.com> wrote:
> Good morning Counsels,
>
> Plaintiff intends to disclose a rebuttal expert but he will need an additional 2 weeks to prepare his rebuttal report because he will be out of the country the next two weeks. Given the extension to the close of expert discovery and lack of prejudice, Plaintiff believes it is a reasonable request to ask for a 2 week extension so that the expert can disclose his report.
>
> If not, I will send over a joint letter to submit to the Court.
>
> Thanks,
> Pat
>
> --
> 
>
> **Patrick Buelna**
> Partner
>
> A: 155 Filbert St. Ste. 208
>    Oakland, CA. 94607
>
>    500 Capitol Mall, Suite 2350
>    Sacramento, CA 95814
>
>    633 West 5th St, Suite 2627
>    Los Angeles, CA 90071
>
> P: (510) 929 - 5400

| | F: | (510) 217 - 9585 |
|---|---|---|
| | | www.LawyersFTP.com |

**Facsimile or Email Confidentiality Notice**

The information transmitted by this email/facsimile communication, including any additional pages or attachments, is intended only for the addressee and may contain confidential and/or privileged material. Any interception, review, retransmission, disclosure, dissemination, or other use and/or taking of any action upon this information by persons or entities other than the intended recipient is prohibited by law and may subject them to criminal or civil liability. If you received this communication in error, please contact us immediately at pbuelna@lawyersftp.com and delete the communication from any computer or network system or dispose of the documents as directed. Thank you.

The information contained in this communication is confidential, is intended only for the use of the recipient named above, and is legally privileged. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please resend this communication to the sender and delete the original message and any copy of it from your computer system. Thank you





**POINTER & BUELNA, LLP**

# Patrick Buelna

**Partner**

A: 155 Filbert St. Ste. 208
Oakland, CA. 94607

500 Capitol Mall, Suite 2350
Sacramento, CA 95814

633 West 5th St, Suite 2627
Los Angeles, CA 90071

P:  (510) 929 - 5400
F:  (510) 217 - 9585

www.LawyersFTP.com

**Facsimile or Email Confidentiality Notice**

The information transmitted by this email/facsimile communication, including any additional pages or attachments, is intended only for the addressee and may contain confidential and/or privileged material. Any interception, review, retransmission, disclosure, dissemination, or other use and/or taking of any action upon this information by persons or entities other than the intended recipient is prohibited by law and may subject them to criminal or civil liability. If you received this communication in error, please contact us immediately at pbuelna@lawyersftp.com and delete the communication from any computer or network system or dispose of the documents as directed. Thank you.

--



**PATRICK MORIARTY** ATTORNEY

75 Southgate Avenue
Daly City, CA 94015
pmoriarty@cmtrlaw.com

O: (415) 213-4098
C: (415) 290-6772

cmtrlaw.com

The information contained in this communication is confidential, is intended only for the use of the recipient named above, and is legally privileged. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please resend this communication to the sender and delete the original message and any copy of it from your computer system. Thank you

--



**POINTER & BUELNA, LLP**

# Patrick Buelna

**Partner**

A: 155 Filbert St. Ste. 208
Oakland, CA. 94607

500 Capitol Mall, Suite 2350
Sacramento, CA 95814

633 West 5th St, Suite 2627
Los Angeles, CA 90071

P: (510) 929 - 5400
F: (510) 217 - 9585

**www.LawyersFTP.com**

**Facsimile or Email Confidentiality Notice**

The information transmitted by this email/facsimile communication, including any additional pages or attachments, is intended only for the addressee and may contain confidential and/or privileged material. Any interception, review, retransmission, disclosure, dissemination, or other use and/or taking of any action upon this information by persons or entities other than the intended recipient is prohibited by law and may subject them to criminal or civil liability. If you received this communication in error, please contact us immediately at pbuelna@lawyersftp.com and delete the communication from any computer or network system or dispose of the documents as directed. Thank you.

--



**PATRICK MORIARTY** ATTORNEY

75 Southgate Avenue
Daly City, CA 94015

pmoriarty@cmtrlaw.com

O: (415) 213-4098
C: (415) 290-6772

cmtrlaw.com

The information contained in this communication is confidential, is intended only for the use of the recipient named above, and is legally privileged. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please resend this communication to the sender and delete the original message and any copy of it from your computer system. Thank you

--



**POINTER & BUELNA, LLP**

# Patrick Buelna

**Partner**

A: 155 Filbert St. Ste. 208
   Oakland, CA. 94607

   500 Capitol Mall, Suite 2350
   Sacramento, CA 95814

   633 West 5th St, Suite 2627
   Los Angeles, CA 90071

P: (510) 929 - 5400
F: (510) 217 - 9585

www.LawyersFTP.com

**Facsimile or Email Confidentiality Notice**

The information transmitted by this email/facsimile communication, including any additional pages or attachments, is intended only for the addressee and may contain confidential and/or privileged material. Any interception, review, retransmission, disclosure, dissemination, or other use and/or taking of any action upon this information by persons or entities other than the intended recipient is prohibited by law and may subject them to criminal or civil liability. If you received this communication in error, please contact us immediately at pbuelna@lawyersftp.com and delete the communication from any computer or network system or dispose of the documents as directed. Thank you.

--



**PATRICK MORIARTY** ATTORNEY

75 Southgate Avenue
Daly City, CA 94015
pmoriarty@cmtrlaw.com

O: (415) 213-4098
C: (415) 290-6772
cmtrlaw.com

The information contained in this communication is confidential, is intended only for the use of the recipient named above, and is legally privileged. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please resend this communication to the sender and delete the original message and any copy of it from your computer system. Thank you