UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEONTAE CHARLES FAISON BY AND THROUGH HIS GUARDIAN AD LITEM THERESA FLORES,<br><br>Plaintiff,<br><br>v.<br><br>ALAMEDA COUNTY, et al.,<br><br>Defendants. | Case No. 24-cv-06059-JSC<br><br>**ORDER DENYING MOTION FOR SEPARATE JUDGMENT**<br><br>Re: Dkt. No. 89 |

The Court granted Alameda County's motion for judgment on the pleadings without leave to amend. (Dkt. No. 84.)[1] Pending before the Court is Alameda County's motion for entry of a separate judgment under Federal Rule of Civil Procedure 54(b). (Dkt. No. 89.) Having carefully considered the County's motion, the Court determines oral argument is unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b), VACATES the October 2, 2025 hearing, and DENIES the motion.

**BACKGROUND**

The claims in the Second Amended Complaint arise out of the tasing of Plaintiff on April 5, 2024, and, in particular, an East Bay Regional Park District ("EBRPD") officer tasing Plaintiff while he was in a park lake. Plaintiff alleges Alameda County officers, along with EBRPD officers, "watched DEONTAE yell for help and struggle in the frigid 50°F water for approximately 40 minutes without rendering any aid." (Dkt. No. 52 ¶ 50.) "After approximately 40 minutes without aid, DEONTAE drowned, went under the water, and floated 10 to 15 feet from the opposite shoreline of the estuary." (*Id.* ¶ 52.) Only then did County and EBRPD officers pull

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

him out of the water. (*Id.* ¶ 53.) Neither County nor EBRPD officers requested EMT or Paramedic Services and "[i]t was not until after DEONTAE was in police custody and lay unresponsive on the shore of the estuary that medical personnel were called." (*Id.* ¶¶ 54-55.) And no officer communicated to medical personnel that he had been tased. (*Id.* ¶ 56.) While Plaintiff lay "unresponsive, cold, and wet on the shore for approximately 15 minutes in police custody," no officer administered CPR. (*Id.* ¶ 57.) Plaintiff "has been in a coma and on life support ever since." (*Id.* ¶ 62.)

The Court granted the County's motion for judgment on the pleadings without leave to amend on August 1, 2025. (Dkt. No. 84.) The case is proceeding against EBRPD and an EBRPD officer.

**DISCUSSION**

**I.   Entry of Judgment**

Generally, the United States Courts of Appeals have jurisdiction over appeals from "final decisions of the district courts." 28 U.S.C. § 1291; *see Jewel v. Nat'l Sec. Agency*, 810 F.3d 622, 627 (9th Cir. 2015) ("[T]he foundational rule [is] that generally we have jurisdiction to hear an appeal only if it arises from a final order."). Rule 54(b) is an "important exception." *Jewel*, 810 F.3d at 627. Under the Rule, "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties." Fed. R. Civ. P. 54(b).

The separate judgment rule has two requirements. First, the order adjudicating fewer than all the claims in the case must be an "ultimate disposition," *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980), and "sufficiently divisible from the other claims such that the case would not inevitably come back to this court on the same set of facts," *Jewel*, 810 F.3d at 628 (cleaned up). Second, there must be "no just reason for delay." *Id.* (quoting Fed. R. Civ. P. 54(b)). The second requirement considers both the parties' interests and "judicial administrative interests" to "assure that application of the Rule effectively preserves the historic federal policy against piecemeal appeals." *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005) (cleaned up). "Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and

2

risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Morrison-Knudsen Co., Inc. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981).

The Court's order is an ultimate disposition of Plaintiff's claims against the County. But, as to the second requirement, there *are* just reasons to wait until the entire case is resolved to enter judgment. Specifically, judicial administration is an important reason to delay judgment and appeal until the entire case is resolved. *See Wood*, 422 F.3d at 882 ("Duplication of proceedings and overall delay in final disposition of the action implicate sound judicial administration."). Because Plaintiff's claims against the County are based on the exact same factual situation as the claims against the EBRPD defendants, appeal will only conserve judicial resources *if* the County prevails on its appeal. That is not a sound basis for a Rule 54(b) judgment. *See Tsyn v. Wells Fargo Advisors, LLC*, No. 14-CV-02552-LB, 2016 WL 1718139, at *3 (N.D. Cal. Apr. 29, 2016). And, even an affirmance may require the Ninth Circuit to hear two different appeals involving the same facts. *See Ursua v. Alameda Cnty. Med. Ctr.,* No. C 04-3006 BZ, 2006 WL 335282, at *1 (N.D. Cal. Feb. 14, 2006) (denying Rule 54(b) separate judgment when "[p]laintiffs' claims against all of the defendants arise out of the same event, and the nature of the claims is such that an appellate court is likely to have to consider many of the same facts and issues if there are multiple appeals").

If the judgment in favor of the County is reversed, the Court will have to hold a second jury trial with the exact same witnesses as the first trial against the EBRPD defendants. And, the first trial, which is scheduled to occur well before any appeal on the County judgment can be decided, may result in a second appeal—again on the same facts. Such a situation does not, at a minimum, meet the second requirement for entry of judgment under Rule 54(b). *See Wood*, 422 F.3d at 878.

The County's lament that if a separate judgment does not issue it will have to monitor the underlying case does not make sense. Whether the Court grants separate judgment or not, the case is scheduled to go to trial long before any appeal will be decided. So, the County will be in the same position vis-à-vis the remaining claims regardless of whether the Court permits piecemeal

appeals.

## CONCLUSION

"[D]enying Rule 54(b) certification hews to the strong judicial preference for unitary appeals, for truly final judgments, and for the efficient use of judicial resources that the preference embodies." *Tsyn v. Wells Fargo Advisors, LLC*, No. 14-CV-02552-LB, 2016 WL 7635883, at *4 (N.D. Cal. June 27, 2016).  So, the County's motion for a Rule 54(b) separate judgment is DENIED.

This Order disposes of Docket No. 89.

**IT IS SO ORDERED.**

Dated: September 24, 2025

_____
JACQUELINE SCOTT CORLEY
United States District Judge