PATRICK MORIARTY, State Bar No. 213185
pmoriarty@cmtrlaw.com
JOHN ROBINSON, State Bar No. 297065
jrobinson@cmtrlaw.com
CASTILLO, MORIARTY, ROBINSON
75 Southgate Avenue
Daly City, CA 94015
Telephone: (415) 213-4098

Attorneys for Defendant
EAST BAY REGIONAL PARK DISTRICT and
JONATHAN KNEA



UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEONTAE CHARLES FAISON BY AND THROUGH HIS GUARDIAN AD LITEM THERESA FLORES;<br><br>Plaintiff,<br><br>v.<br><br>ALAMEDA COUNTY; EAST BAY REGIONAL PARK DISTRICT; JONATHAN KNEA in his individual l capacity and; DOES 1-40 individually and in official capacities as police officers for the EAST BAY REGIONAL PARKS AND Sheriff Deputies for ALAMEDA COUNTY.<br><br>Defendants. | Case No. 3:24-cv-06059-JSC<br><br>**DEFENDANTS' BRIEF IN SUPPORT OF DISPUTED JURY INSTRUCTIONS**<br><br>Judge Jacqueline Scott Corley<br><br>Date: September 25, 2026<br>Time: 1:30 pm<br><br>Trial: September 29, 2026 |

## I. INTRODUCTION

Defendants East Bay Regional Park District ("EBRPD") and Officer Jonathan Knea submit this Brief to support their proposed versions of the disputed jury instructions.

Defendants address each disputed instruction by instruction number. If the parties agree to an instruction but disagree with its wording, Defendants propose language that accurately reflects the law and the issues for the jury. Where Plaintiff proposes an instruction that has no applicability to the case, Defendants contend no such instruction should be given.

The disputed instructions reflected in the parties' joint submission include Instructions Nos. 2.5, 2.15, 2.16, 9.2, 9.8, 440, 441, 431, the law-enforcement battery instruction presently mislabeled as No. 1300 but properly numbered CACI No. 1305A, and 3066, together with Plaintiff's proposed Special Instructions Nos. 1 through 3.

## II. ARGUMENT

### A. Disputed Instruction No. 2.5 — Deposition in Lieu of Live Testimony

Plaintiff proposes Ninth Circuit Model Civil Jury Instruction No. 2.5 concerning deposition testimony presented to the jury in lieu of live testimony. This should not apply; Plaintiff has not identified deposition testimony that will be presented in lieu of live testimony.

There is no reason to instruct the jury to be instructed about this possibility. If it occurs the Court can give Instruction No. 2.5 immediately before that testimony, precisely as the Ninth Circuit recommends. Instruction No. 2.5 should not be given at this time.

### B. Disputed Instruction No. 2.15 — Charts and Summaries Not Received in Evidence

Plaintiff proposes Ninth Circuit Model Civil Jury Instruction No. 2.15 concerning charts and summaries that are shown to the jury but not admitted into evidence. Plaintiff has not identified any demonstrative chart or summary to which it would apply.

No. 2.15 applies only when charts or summaries are not admitted into evidence and are used for demonstrative purposes. Further, demonstrative materials used solely as testimonial aids should not be permitted in the jury room or otherwise used during deliberations. The Committee relies on *United States v. Wood*, 943 F.2d 1048, 1053–54 (9th Cir. 1991), citing *United States v. Soulard*, 730 F.2d 1292, 1300 (9th Cir. 1984).

### C. Disputed Instruction No. 2.16 — Charts and Summaries Received in Evidence

(See Defendants' argument above regarding No. 2.15.)

### D. Disputed Instruction No. 9.2 — Causation

Defendants' proposed Instruction No. 9.2 accurately states the causation Plaintiff must prove under 42 U.S.C. § 1983.

CASTILLO, MORIARTY, ROBINSON, LLP
75 Southgate Avenue
Daly City, California 94015

Causation is an independent requirement of § 1983 liability. As the Ninth Circuit states: "In a § 1983 action, the plaintiff must also demonstrate that the defendant's conduct was the actionable cause of the claimed injury." *Bearchild v. Cobban*, 947 F.3d 1130, 1150 (9th Cir. 2020) (quoting *Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008)). Plaintiff must establish both causation-in-fact and proximate causation. *Id.* The Ninth Circuit's current commentary to Instruction No. 9.2 expressly states both requirements.

Actual causation requires proof that the claimed injury would not have occurred but for the challenged conduct. *Chaudhry v. Aragon*, 68 F.4th 1161, 1170 n.11 (9th Cir. 2023). Proximate cause requires a sufficient legal connection between the challenged conduct and the resulting injury. *Id.* at 1170 n.12. The Supreme Court has likewise explained that proximate causation limits liability for consequences that are too attenuated from the wrongful conduct. *Paroline v. United States*, 572 U.S. 434, 444–45 (2014).

Here, a finding that Officer Knea used excessive force does not establish that the force caused the drowning and cardiac arrest. Plaintiff must establish the causal connection between the particular force found unconstitutional and the particular injury for which recovery is sought. Defendants' proposed instruction therefore provides:

> If you find that Defendant Knea used excessive force, you must then determine whether that use of force caused injury to Plaintiff.

It then requires Plaintiff to establish both that the injury would not have occurred "but for" the excessive force, and that the force was sufficiently connected to the injury. Finally, it directs the jury to determine **"**what injury, if any,**"** was caused by the force and explains that Officer Knea is responsible only for injury caused by the force found excessive.

The proposed language does not impose a heightened burden and accurately explains the causation burden that *Bearchild*, *Harper*, and *Chaudhry* already require.

### E. Disputed Instruction No. 9.8 — *Monell* Failure to Train

Defendants' proposed Instruction No. 9.8 complies with the Court's MSJ order; the only remaining *Monell* theory is failure to train. Plaintiff must prove an underlying constitutional



CASTILLO, MORIARTY, ROBINSON, LLP
75 Southgate Avenue
Daly City, California 94015

CASTILLO, MORIARTY, ROBINSON, LLP
75 Southgate Avenue
Daly City, California 94015

violation, inadequate training, deliberate indifference, and causation.

A municipality cannot be held liable under § 1983 merely because it employs a constitutional tortfeasor. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). Respondeat superior liability is unavailable. Instead, the plaintiff must establish a direct causal link between municipal policy or omission and the constitutional violation. *Id.* at 694; *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). The current Ninth Circuit commentary to Instruction No. 9.8 identifies that same direct-causation requirement.

Where the alleged municipal policy is a failure to train, the deficiency must amount to deliberate indifference to the constitutional rights of persons with whom the municipal employees come into contact. *Canton*, 489 U.S. at 388. It is not enough that additional training might have prevented the incident.

The Ninth Circuit identifies the elements as: (1) a constitutional violation; (2) a municipal training policy amounting to deliberate indifference to constitutional rights; and (3) that the constitutional injury would not have occurred had the municipality properly trained its employees. *Benavidez v. County of San Diego*, 993 F.3d 1134, 1153–54 (9th Cir. 2021).

Defendants' proposed Instruction No. 9.8 requires the jury to find:

1. an underlying constitutional deprivation by Officer Knea;
2. action under color of state law;
3. inadequate training;
4. deliberate indifference to the known or obvious consequences of the alleged training inadequacy; and
5. that EBRPD's failure to train actually caused the deprivation of Plaintiff's constitutional rights.

**F. Disputed Instruction No. 440 — Negligent Use of Nondeadly Force**

CACI No. 440 is the California instruction governing a state-law negligence claim arising from a law-enforcement officer's use of nondeadly force.

Under California law, the familiar *Graham* factors (severity of the crime, immediate

CASTILLO, MORIARTY, ROBINSON, LLP
75 Southgate Avenue
Daly City, California 94015

threat, and resistance or flight) apply to the negligence claims for police uses of force. See *Hernandez v. City of Pomona*, 46 Cal. 4th 501, 514 (2009). CACI No. 440 expressly tells the jury it must evaluate the totality of the circumstances confronting the officer. The current CACI Directions for Use likewise explain that the *Graham* factors apply under California negligence law and are not exclusive.

The instruction requires Plaintiff to prove that the force used was unreasonable, that Plaintiff was harmed, and the unreasonable force was a substantial factor in causing that harm. There is, however, an important limitation concerning pre-force tactical conduct. CACI No. 440 includes tactical conduct as an optional bracketed factor, but the Judicial Council expressly cautions that "no reported California state court decision has held that an officer's tactical decisions before using nondeadly force can be actionable negligence." The Directions for Use distinguish *Hayes v. County of San Diego*, 57 Cal. 4th 622, 639 (2013), which held that earlier tactical conduct may be considered as part of the totality of the circumstances in determining whether an ultimate use of **deadly force** was unreasonable. Accordingly, Defendants do not rely on *Hayes* as authority for extending that rule to a nondeadly force negligence claim.

More fundamentally, CACI No. 440 governs the negligent use of nondeadly force, while CACI No. 441 governs the negligent use of deadly force. The Directions for Use expressly recognize that the instructions "may require modification if the jury must decide whether the force… was deadly or nondeadly."

That issue is not hypothetical in this case. In denying summary judgment as to the final three Taser deployments, this Court held that reasonable jurors could find those deployments constituted "a deadly, rather than an intermediate, level of force," and expressly identified the classification of the force as a factual dispute for the jury. (ECF 115 at p. 19.)

The jury therefore should not be instructed under CACI No. 440 in a manner that assumes the challenged Taser deployments were non-deadly. Instead, the instructions should preserve the jury's threshold determination whether the challenged force was deadly or nondeadly and direct the jury to apply the corresponding negligence standard under CACI No. 440 or CACI No. 441.

### G. Disputed Instruction No. 441 — Negligent Use of Deadly Force by Peace Officer

Plaintiff proposes CACI No. 441, governing negligent use of deadly force by a peace officer. Defendants do not dispute that CACI 441 states the applicable California negligence standard ***if the jury finds that Officer Knea used deadly force***. The instruction, however, should not be given in a manner that assumes that disputed factual predicate.

CACI No. 441 expressly requires Plaintiff to prove that Officer Knea "used deadly force," and defines deadly force as force creating a substantial risk of causing death or serious bodily injury. Its Directions for Use recognize that Penal Code Section 835a establishes a distinct standard for deadly force and specifically address cases in which "the jury must decide whether the force used was deadly or nondeadly." In that circumstance, CACI No. 441 may be used together with CACI No. 440, the corresponding instruction governing nondeadly force.

That is precisely the circumstance presented here. The Court did not determine at summary judgment that Officer Knea used deadly force. It held that "reasonable jurors could find" that the third, fourth, and fifth Taser deployments near or in the water constituted deadly rather than intermediate force, expressly identifying the classification of the force as a factual dispute. (ECF 115 at p. 19.) The Court later reiterated that factual dispute remains "including whether Officer Knea used deadly force." (ECF 115 at p. 22.)

The jury therefore must be permitted to decide whether the challenged Taser deployments constituted deadly or nondeadly force. The instructions should present that determination expressly and directs the jury to apply the corresponding negligence standard: CACI No. 441 if it finds deadly force was used, and CACI No. 440 if it finds the force was nondeadly.

Accordingly, Defendants do not object to instructing the jury on CACI No. 441 as an ***alternative*** force standard. Defendants object only to any formulation that ***assumes*** deadly force was used or presents CACI No. 441 without preserving the jury's threshold determination concerning the nature of the force. That is, after all, consistent with the Court's findings on summary judgment.



CASTILLO, MORIARTY, ROBINSON, LLP
75 Southgate Avenue
Daly City, California 94015

CASTILLO, MORIARTY, ROBINSON, LLP
75 Southgate Avenue
Daly City, California 94015

**H. Disputed Instruction No. 431 — Causation: Multiple Causes**

Plaintiff proposed CACI No. 431 should not be given merely because the parties dispute causation.

California law distinguishes between competing explanations of causation and circumstances in which multiple causes actually combine to produce the same injury. The Directions for Use accompanying CACI No. 430 explain that CACI No. 431 is appropriate in cases involving multiple concurrent dependent causes. They separately recognize the special rule applicable to concurrent independent causes. Besides the actions of Officer Knea and the actions of Mr. Faison, the record does not support any other causes that could lead to the "multiple causes" instruction. If the evidence at trial proves otherwise, the Court cannot revisit this instruction before the case is argued.

**I. Disputed Instruction No. 1305A — Battery by Law Enforcement Officer (Nondeadly Force)**

The parties' joint packet captions this instruction as "Instruction No. 1300," but it should be CACI No. 1305A, Battery by Law Enforcement Officer (Nondeadly Force)—Essential Factual Elements. The packet itself identifies CACI No. 1305A as its authority.

CACI No. 1300 is the general civil battery instruction, and CACI No. 1305A specifically governs police battery claims arising from allegedly unreasonable nondeadly force. The official 2026 CACI includes 1305A as the specialized law-enforcement battery instruction.

California law requires a plaintiff asserting battery against the police to prove that the officer used unreasonable force. *Edson v. City of Anaheim*, 63 Cal. App. 4th 1269, 1272–75 (1998), expressly holds that unreasonable force is part of the plaintiff's prima facie case; the burden is not shifted to the officer to prove that the force was justified.

*Brown v. Ransweiler*, 171 Cal. App. 4th 516, 527 (2009) explains that a California battery claim predicated on police force is the state law claim akin to a federal excessive-force claim. In each, the plaintiff must prove that the officer's force was unreasonable.

Defendants' instruction correctly requires proof that (1) Officer Knea intentionally

touched Plaintiff or caused him to be touched; (2) Officer Knea used unreasonable force; (3) Plaintiff did not consent; (4) Plaintiff was harmed; and (5) the unreasonable force was a substantial factor in causing the harm.

There are also issues with CACI No. 1305A (non-deadly force) and CACI No. 1305B (deadly force). When the jury itself must decide whether the force was deadly or nondeadly, the corresponding instructions must be used or modified in a way that leaves that factual question to the jury.

**J. Disputed Instruction No. 3066 — Bane Act**

Defendants' proposed CACI No. 3066 should be given because Bane Act liability does not automatically follow from a finding that Officer Knea used excessive force. Civil Code section 52.1 requires the jury to make an additional and distinct finding concerning Officer Knea's intent.

In *Cornell v. City & County of San Francisco*, 17 Cal. App. 5th 766, 801–03 (2017), the California Court of Appeal held that a Bane Act claim requires specific intent to interfere with the protected right. The jury must determine whether the defendant committed the challenged act with the "particular purpose" of depriving the plaintiff of the enjoyment of that right. It is not enough that the defendant merely intended to perform the underlying act.

The Ninth Circuit adopted *Cornell*'s construction of section 52.1 in *Reese v. County of Sacramento*, 888 F.3d 1030, 1043–45 (9th Cir. 2018). *Reese* confirms two separate principles. First, excessive force itself *may* satisfy the bane Act's threats, intimidation or coercion requirement; Plaintiff need not identify some additional coercive act. Second, Plaintiff must still prove the officer acted with the specific intent to violate the right to be free from unreasonable force.

As *Reese* emphasized, "a mere intention to use force that the jury ultimately finds unreasonable" is insufficient. The jury must find that the officer intended "not only the force, but its unreasonableness," meaning its character as more force than necessary under the circumstances.



CASTILLO, MORIARTY, ROBINSON, LLP
75 Southgate Avenue
Daly City, California 94015

CASTILLO, MORIARTY, ROBINSON, LLP
75 Southgate Avenue
Daly City, California 94015

Defendants' proposed Instruction No. 3066 should therefore be given because it preserves the distinct specific intent element required by section 52.1, *Cornell*, and *Reese*.

**K. Disputed Special Instruction No. 1 — Definition of Deadly Force**

Plaintiff proposes a freestanding special instruction stating:

"Deadly force" is force that creates a substantial risk of causing death or serious bodily injury. It is not limited to the discharge of a firearm.

Causation is spelled out in the Constitutional claims, and the California instructions provide the appropriate framework for defining deadly force and applying the law governing it. (CACI Nos. 441 and 1305B.) That is sufficient.

**L. Disputed Special Instruction No. 2 — Use of Deadly Force**

Plaintiff's Special Instruction No. 2 states:

"An officer may only use deadly force if he reasonably perceived a serious threat of bodily harm or death to himself or others at the time the officer used the force."

This instruction should not be given because its factual premise does not fit the record and will confuse the jury. There will be no evidence that Officer Knea perceived a serious threat of bodily harm or death to himself or anyone else. That was not his justification for using the Taser. Giving an instruction based on a threat Knea never perceived would confuse the jury and inject an issue that is simply not presented by the evidence.

**M. Disputed Special Instruction No. 3 — Implicit Bias**

Proposed Special Instruction No. 3 should not be given. Race is not a part of this case, and Plaintiff has not cited any factual evidence from the record nor any controlling authority to suggest that this instruction should be given.

## III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court give Defendants' proposed instructions setting forth the governing standards for § 1983 causation, *Monell* failure-to-train liability, negligence, law-enforcement battery, Bane Act liability, and the disputed deadly/nondeadly-force determination.

Defendants further request that the Court not give Plaintiff's proposed Instruction Nos. 2.5, 2.15, 2.16, and 431 absent the factual and evidentiary predicates required for those instructions.

Plaintiff's proposed CACI No. 441 should not be given in a form that assumes the challenged force was deadly. The negligence and battery instructions should instead preserve the jury's threshold determination whether the challenged force was deadly or nondeadly and then direct the jury to the corresponding legal standard.

The law-enforcement battery instruction presently captioned "CACI No. 1300" must be corrected to CACI No. 1305A, and the battery instructions should account for CACI No. 1305B to the extent necessary to submit the disputed deadly/nondeadly question to the jury.

Finally, Plaintiff's Special Instruction Nos. 1, 2, and 3 should not be given. Defendants' instructions will provide the jury with the governing law without duplicating the applicable instructions, oversimplifying the deadly-force standard, or assuming disputed facts.

Dated: September 23, 2026

CASTILLO MORIARTY ROBINSON

By: *\/s/ Patrick Moriarty*

PATRICK MORIARTY
JOHN ROBINSON
Attorneys for Defendants
EAST BAY REGIONAL PARK DISTRICT
and JONATHAN KNEA

CASTILLO, MORIARTY, ROBINSON, LLP
75 Southgate Avenue
Daly City, California 94015